**Lacey Karin PURVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–98–208–CR.**

Court of Appeals of Texas, Waco.

Oct. 27, 1999.

Abe Factor, Factor, Campbell & Shepherd, L.L.P., Fort Worth, for appellant.

Bill J. Moore, County Attorney, Stuart M. Madison, Asst. County Attorney, Cleburne, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

A car crashes late at night. No one sees the crash as it occurs. After the crash, a passerby, a "good Samaritan," stops to check on the occupant. The sole occupant of the vehicle appears to be passed out. The "good Samaritan" rouses the occupant and finds a person whose breath smells of alcoholic beverages, has slurred speech, and is virtually unable to stand or walk. A State Trooper arrives and administers several field sobriety tests. The person fails them all. The person admits she was driving the vehicle when it crashed through a ditch and into a pipe fence. Could a reasonable fact finder determine beyond a reasonable doubt that the person was guilty of driving while intoxicated? Because we find the evidence legally sufficient, we affirm the judgment of conviction.

## ADEQUACY OF THE BRIEF

■ Lacy Karen Purvis' issue on appeal is as follows:

> "The evidence is insufficient to sustain conviction."

This issue and accompanying brief are inadequate. The crime is composed of multiple elements. The issue does not inform the Court on which element the evidence is alleged to be lacking.

■ A proper presentation of an insufficiency issue on appeal is comprised of the following:

1) a listing of the elements of the offense;

2) an identification of the element(s) on which the evidence is alleged to be insufficient;

3) a statement attacking either the legal or factual sufficiency of the evidence;

4) a discussion or statement of the applicable standard of review;

5) a discussion of the evidence which is contained in the record (with citations to the record);

6) a discussion of the law which is applicable to the case and the admissibility of the evidence (steps 5 and 6 can be presented in reverse); and

7) a discussion of the application of the law to the specific facts of the case.

*Turner v. State*, 4 S.W.3d 74 (Tex.App.—Waco 1999). Several of these steps can be grouped, but each should be contained in the brief. The issue should be a summary of items 2 and 3.

## ELEMENTS OF THE OFFENSE

■ The offense at issue in this case is driving while intoxicated. The elements of the offense are:

1) A person (requires proof of identity);

2) is intoxicated;

3) at the time of;

4) operating;

5) a motor vehicle;

6) in a public place.

The specific statute reads as follows: "A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PEN.CODE ANN. § 49.04(a) (Vernon Supp.1999).

We have previously looked to the arguments made and the relief requested to determine whether an issue such as the one stated by Purvis challenges the legal and/or factual sufficiency of the evidence. *See Nevels v. State*, 954 S.W.2d 154, 159 n. 4 (Tex.App.—Waco 1997, pet. ref'd); *Deckard v. State*, 953 S.W.2d 541, 543 (Tex. App.—Waco 1997, pet. ref'd). From the discussion under the issue, including the cases cited and the relief requested, it appears Purvis is attacking the legal sufficiency of the evidence. Purvis does not challenge the elements of being the person (element 1) who was intoxicated (element 2), that the pickup was a motor vehicle (element 5), and it was in a public place (element 6). She appears to be complaining that there was no evidence she was "operating" (element 4) the motor vehicle "at the time" (element 3) she was intoxicated.

## OLD LAW VERSUS NEW LAW

Prior to *Geesa*, Purvis may have obtained relief. *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). Prior to the holding in *Geesa*, numerous cases, including the four Purvis cites and discusses in her brief,[1] held that unless other possible ways that she arrived, intoxicated, on the side of the road, in a wrecked pickup are refuted, the circumstantial evidence and her admission without corroboration were not legally sufficient to support her conviction. *See Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989); *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983); *Freeman v. State*, 654 S.W.2d 450 (Tex.Crim. App.1983); *Denby v. State*, 654 S.W.2d 457 (Tex.Crim.App.1983).

■ However, after *Geesa*, the reviewing court is not required to look at what theories are not proven. *Geesa*, 820 S.W.2d at 160–161. Now we look to the evidence admitted and determine, viewing the evidence in the light most favorable to the verdict, whether a rational fact finder could have found all the elements of the offense. *See id.* at 156–161; *Reeves v. State*, 969 S.W.2d 471, 479 (Tex.App.—Waco 1998, pet. ref'd); *Nevels*, 954 S.W.2d at 159–160.

## STANDARD OF REVIEW

■ We review a legal sufficiency issue by viewing the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim. App.1988); *Alvarado v. State*, 912 S.W.2d 199, 207 (Tex.Crim.App.1995). The review

---

**1.** The four cases Purvis relies upon are *Hanson v. State*, 781 S.W.2d 445 (Tex.App.—Fort Worth 1989), pet. abated, 790 S.W.2d 646 (Tex.Crim.App.1990); *McCafferty v. State*, 748 S.W.2d 489 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *Reddie v. State*, 736 S.W.2d 923 (Tex.App.—San Antonio 1987, pet. ref'd); and *Sinast v. State*, 688 S.W.2d 631 (Tex. App.—Corpus Christi 1985, no pet.).

is the same for circumstantial evidence as it is for direct evidence. *See Geesa,* 820 S.W.2d at 159; *Reeves,* 969 S.W.2d. at 478.[2] The verdict must stand unless it is found to be irrational or unsupported by more than a "mere modicum" of evidence. *Moreno,* 755 S.W.2d at 867. Additionally, the trier of fact is the sole judge of the weight and credibility of the witnesses and may believe all, none, or part of any witness' testimony. *DeLeon v. State,* 937 S.W.2d 129, 131 (Tex.App.—Waco 1996, pet. ref'd).

## CORROBORATION OF CONFESSIONS

 The evidence relied on by the State to prove the elements of the offense includes admissions by Purvis. The State acknowledges that those admissions must be corroborated. Extrajudicial confessions alone are not sufficient to support a conviction. *Emery v. State,* 881 S.W.2d 702, 705 (Tex.Crim.App.1994), *cert. denied,* 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). A defendant's extrajudicial confession must be corroborated by other evidence tending to show that a crime has been committed. *Williams v. State,* 958 S.W.2d 186, 190 (Tex.Crim.App.1997); *Hough v. State,* 929 S.W.2d 484, 486 (Tex. App.—Texarkana 1996, pet. ref'd). The corroborating evidence, however, need not be sufficient by itself to prove the offense; rather all that is required is that there be some evidence which renders the commission of the offense more probable than it would be without the evidence. *Id.*

## ADEQUACY OF THE EVIDENCE

 The evidence is more than adequate to support the elements of the offense about which Purvis complains. Because Purvis contends the evidence was legally insufficient to support her convic-tion, we will discuss the facts in the light most favorable to the verdict.

Josh Jackson testified that he and some friends noticed a pickup in the ditch. When Jackson passed the pickup, he saw that its lights were on. He stopped his vehicle and went back to investigate. One person, Purvis, was passed out on the floorboard of the pickup with her feet on the driver's side and her head and upper body on the passenger's side. There was no one else in the area. Both doors of the pickup were shut. It appeared to Jackson that Purvis had been in an accident because her pickup had gone through a pipe fence which was now on top of the pickup's hood. There were also scratches on the right side of the pickup where it had hit the ditch. The damage to the pickup appeared to match the damage to the fence.

Purvis smelled strongly of an alcoholic beverage. The odor came from her mouth. Jackson believed Purvis was very intoxicated because she slurred her words, could not stand up and would lay on her pickup, and when she tried to walk, she would almost fall over.

Sgt. Donald Massey, of the Texas Department of Public Safety, testified when he arrived at the scene that he saw a pickup which appeared to have been involved in an accident. The pickup was damaged on the right side and had come to rest inside a pipe fence.

When Massey arrived, Purvis was sitting in the driver's side of the pickup. A friend of Purvis, who had been called in after the accident, was also there. Massey asked both what had happened, and Purvis responded that she had "fucked up." From his notes, Massey testified that Purvis advised him that she had fallen asleep, gone around a curve and had an accident.

---

2. Purvis claims there was only circumstantial evidence. However, this is not entirely a circumstantial evidence case because, generally, proof that a defendant admits or confesses to having committed an offense is direct evidence. *See Ridyolph v. State,* 545 S.W.2d 784, 789 (Tex.Crim.App.1977), and *Hankins v. State,* 646 S.W.2d 191, 195 (Tex.Crim.App. 1981). As will be described later, Purvis admitted to at least some of the elements of the offense.

Purvis stumbled and staggered as she exited her pickup. She lost her balance as she tried to walk and kicked the pickup twice because she was upset at having the wreck. Purvis' behavior was consistent with the ingestion of alcohol. Also, Purvis' eyes were red and glassy, and a strong odor of alcoholic beverages emitted from her breath. When Massey asked if she needed any medical attention, Purvis complained about a scratched knuckle and a hurt arm.

Massey then administered the Horizontal Gaze Nystagmus test. Purvis showed six of six indications of intoxication in both eyes. Massey decided he had probable cause to arrest Purvis and advised her of her constitutional rights in accordance with *Miranda*. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Massey testified that Purvis indicated she understood her rights. Massey also testified that, in response to his questioning, Purvis then indicated that she had been driving the wrecked pickup and had drank four beers before the wreck. She was subsequently transported to jail.

Purvis' admissions were corroborated by evidence that Purvis was found alone and passed out in her pickup, with the lights on and the doors shut, after it appeared that the pickup had gone off the road and through a pipe fence. Also, the testimony by Jackson that Purvis smelled strongly of an alcoholic beverage and appeared very intoxicated after regaining consciousness corroborates the admissions made by Purvis that she was driving at the time of the wreck and had consumed an alcoholic beverage just prior to the wreck. Purvis' confession to Massey is sufficiently corroborated.

## CONCLUSION

When viewed in the light most favorable to the verdict, we hold that from this record, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Purvis' sole issue for review is overruled. The judgment of conviction is affirmed.