Rashann Maurice Brown v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-045-CR

     RASHANN MAURICE BROWN,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 26882
                                                                                                                
                                                                                                            
DISSENTING OPINION
                                                                                                                
   
      Rashann Maurice Brown was a passenger in a speeding truck. It was determined the truck
was stolen. Brown was arrested. After he was booked into the county jail, marijuana was
found in his possession. He was convicted of taking a controlled substance into a correctional
institution. He challenges the validity of the arrest leading to the discovery of the marijuana
and whether he took the marijuana into the correctional institution within the meaning of the
statute. We should affirm the judgment of the trial court. Because the majority does not, I
respectfully dissent.
SUMMARY OF EVIDENCE
      Brown was a passenger in a U-Haul truck when it was stopped just outside Corsicana,
Navarro County, Texas, for speeding and failure to maintain a single marked lane. The driver
claimed he could not find the rental agreement. He was asked to exit the truck. Brown, the
passenger next to the right-hand door of the truck, and the passenger in the center of the seat,
were also asked to exit the truck. A computerized search on the identification of the truck
located a report from Escambia County Auto Theft Division in Florida which identified it as
stolen.
      At some point in the investigation, it was determined that more passengers were in the
cargo compartment of the truck. The compartment was opened and two additional occupants
were discovered. All five were hand-cuffed and transported to a meeting room in the
administrative area of the Navarro County sheriff’s office. After being advised of their
constitutional rights, they were interrogated to determine what the circumstances were with
regard to the truck and whether anyone was going to be charged with an offense. After the
initial investigation by the officers was completed, the driver of the truck and Brown were
arrested for unauthorized use of a motor vehicle. The other three occupants were released.
      While waiting for the officers to conduct their investigation and while still in the
administrative area of the sheriff’s office, the jailer advised them that “... if they had anything
in their possession that they weren’t suppose to have in their possession; namely, drugs,
weapons, or anything like that, because I hadn’t searched them at that time. It’s my – I
normally ask them if they have anything on them, they need to tell me now before we step
inside the jail....And I did tell them that it was going to be a – it’s a completely different
charge once you step behind the secured doors of the jail.”
      The driver and Brown were then booked into the Navarro County jail. The jailer testified
that they were escorted under his guard in hand-cuffs out of the side exit of the administrative
area of the sheriff’s office to the outside of the building and into the secured area of the jail
through a “sally port” door. They were fingerprinted, photographed, searched, and the
necessary computer work performed including a computerized criminal history check through
“TLETS.” Information from the officer’s report was also entered into the computer. Book-in
was complete.
      The jailer testified that Brown needed a shower. The jailer obtained the necessary supplies
and escorted Brown to the shower  area. After undressing to take a shower, and just as he was
about to deliver his cloths to the jailer, Brown pulled less than two ounces of marijuana out of
one of his pants pockets and handed it to the jailer.
CONTROLLED SUBSTANCE IN A CORRECTIONAL FACILITY?
      Brown was charged with a violation of Section 38.11(b) of the Penal Code which provides
as follows:
(b) A person commits an offense if the person takes an alcoholic beverage,
controlled substance, or dangerous drug into a correctional facility, except for
delivery to a correctional facility warehouse, pharmacy, or physician.

Tex. Pen. Code Ann. § 38.11(b)(Vernon Supp. 2000). 
      In his second issue, Brown contends that the evidence is insufficient to convict him
because he was compelled to go into the correctional facility against his will and therefore he
could not have intentionally taken a prohibited substance into the correctional facility. He
contends that to “take” means to exercise control and management over the item. Further, he
argues that once he was hand-cuffed and in the custody of law enforcement personnel, that he
no longer had control of the marijuana and had no opportunity to dispose of it.
Legal or Factual Sufficiency?
      In this single issue, Brown does not specify whether he is attacking the legal or factual
sufficiency of the evidence. See Purvis v. State, 4 S.W.3d 118, 119 (Tex. App.—Waco 1999,
no pet.); Turner v. State, 4 S.W.3d 74, 79 (Tex. App.—Waco 1999, no pet.). Normally when
confronted with this problem we can look to the cases cited for the applicable standard of
review and determine if the appellant is attacking the legal or factual sufficiency of the
evidence. We cannot do that here because the appellant did not discuss the standard of
appellate review. Id.
      I will review the issue for both legal and factual sufficiency. 
Legal Sufficiency-Standard of Review
      When reviewing a claim of legal insufficiency of the evidence, we must determine, after
considering all the evidence in the light most favorable to the verdict, whether any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Johnson
v. State, 967 S.W.2d 410, 412 (Tex. Crim. App. 1998); Westfall v. State, 970 S.W.2d 590,
595 (Tex. App.—Waco 1998, pet. ref’d). This review is the same for both direct and
circumstantial evidence cases. Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992);
see also Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991). Whether the evidence
satisfies the Jackson test is a question of law. Clewis v. State, 922 S.W.2d 126, 132 (Tex.
Crim. App. 1996).
Factual Sufficiency-Standard of Review
      If a party is attacking the factual sufficiency of an adverse finding on an issue for which
they did not have the burden of proof, they must demonstrate that there is insufficient evidence
to support the adverse finding. Johnson v. State, 23 S.W.3d 1, 10 (Tex. Crim. App. 2000).
The complete and correct standard a reviewing court must follow to conduct
a Clewis


 factual sufficiency review of the elements of a criminal offense asks
whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.... 

Id. at 11. “Having done so, the court should set aside the verdict only if the evidence standing
alone is ‘so weak’ as to be clearly wrong and manifestly unjust.” Id. at 10. If the reviewing
court determines a manifest injustice has occurred, and it would, therefore, be improper to
defer to the fact finder’s decision, then the reviewing court must provide a clearly detailed
explanation of that determination that takes all of the relevant evidence into consideration. Id.
at 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
      While evidence may be in conflict, it is for the fact finder, in this case the trial court, to
resolve any conflicts and inconsistencies in the evidence. Bowden v. State, 628 S.W.2d 782,
784 (Tex. Crim. App. 1982). Even where there is no conflict, the fact finder may give no
weight to some evidence, and thereby reject part or all of a witness’ testimony. See Beardsley
v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). The fact finder is also the judge of
the credibility of the witnesses and may “believe all, some, or none of the testimony.” 
Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).
Additional Evidence 
      In addition to the evidence summarized above, Brown and the State had signed a
stipulation of evidence. It was introduced at his bench trial without objection. Brown
stipulated that:
On the 17th day of February, 1998, in Navarro County, Texas, at the time I was
placed into custody by Troopers Bangasser and/or Allison, I did then and there
intentionally and knowingly possess a controlled substance, to wit: a usable quantity
of marihuana in an amount of less than two ounces. Said marihuana was retrieved
from me by Bruce Venable at the Navarro County Jail.

Thus it is undisputed that Brown “intentionally and knowingly” possessed the marijuana at the
time that he entered the secured area of the jail. The question is whether, because he was
compelled to enter the jail against his will, it can be said that he took the marijuana into the jail
within the meaning of the statute.
Application
      Brown had been advised that it was a different offense for taking contraband into the
secured area of the jail. He did not surrender the contraband to the jailer prior to entering the
secure area of the jail. In fact, he managed to hide the contraband during the search incident to
the book-in procedure and prevent its detection. He did not surrender the contraband until he
had to surrender his clothes to be washed.
      The trial court, acting as the fact finder, could have properly determined that it was not
until it was obvious that discovery of the marijuana was certain that Brown decided to
surrender the contraband. Brown was already well beyond the entry area of the jail. He had
proceeded through the book-in area. If the jailer had not determined that he immediately
needed a shower, he might very well have been able to take the contraband into the holding
cell until he appeared before the magistrate to have his bail determined. Based upon the
evidence presented, the fact finder could have concluded that Brown intentionally declined to
surrender the marijuana prior to entry into the jail, and thus chose to take it into the jail, in the
hope that he would be able to get released on bail or otherwise dispose of it before it was found
in his possession. The evidence was legally and factually sufficient to support a determination
that Brown did take the controlled substance, marijuana, into a correctional institution.
CONCLUSION
      I would affirm.
 
                                                                               TOM GRAY
                                                                               Justice

Dissenting opinion delivered and filed December 13, 2000
Publish