NUMBER 13-00-348-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



__________________________________________________________________



RAMIRO VASQUEZ RODRIGUEZ , Appellant,



v.



THE STATE OF TEXAS , Appellee.

__________________________________________________________________



On appeal from the 103rd District Court



of Cameron County, Texas.



__________________________________________________________________



O P I N I O N



Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey



The trial court convicted the appellant, Ramiro Vasquez Rodriguez, of driving while intoxicated after a jury trial. See Tex.
Pen. Code Ann. § 49.04 (Vernon Supp. 2001). He appeals his conviction by one point of error, contending that the
evidence was insufficient to support a conviction. Specifically, he contends that the evidence was legally and factually
insufficient to establish that he did not have use of his normal mental and physical faculties while operating the vehicle. We
overrule this point of error, and affirm his conviction.

Sufficiency of the Evidence



The United States Constitution prohibits the criminal conviction of any person except on proof of guilt beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 309 (1979); In re Winship, 397 U.S. 358, 362 (1970). In reviewing the legal
sufficiency of evidence, we view the evidence in the light most favorable to the prosecution to determine whether any
rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at
319; Mosley v. State, 983 S.W.2d 126, 129 (Tex. Crim. App. 1998). The inquiry is not whether the court believes the
evidence established the defendant's guilt beyond a reasonable doubt. Jackson, 443 U.S. at 318-19. Thus, if, in light of all
the evidence, a rational jury could not have found each element beyond a reasonable doubt, we must reverse the appellant's
conviction.

In reviewing the factual sufficiency of the evidence, we must view all the evidence neutrally, without the "prism of in the
light most favorable to the prosecution," and set aside the verdict only if it is so contrary to the overwhelming weight of
evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

The elements of driving while intoxicated include (1) a person; (2) is intoxicated; (3) while; (4) operating; (5) a motor
vehicle; (6) in a public place. Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp. 2001); see Purvis v. State, 4 S.W.3d 118, 120
(Tex. App.-Waco 1999, no pet.). In this case, the appellant is contesting only the sufficiency of evidence to establish
intoxication. "Intoxicated" is defined as "not having the normal use of mental or physical faculties by reason of the
introduction of alcohol . . . into the body" or "having an alcohol concentration of 0.08 or more." Tex. Pen. Code Ann. §
49.01(2) (Vernon Supp. 2001). Since the appellant refused a breath examination, the State must prove that he did not have
normal use of his mental or physical faculties because of the introduction of alcohol into his body. Id. at § 49.01(2)(A).

Officer Antonio Garza, the officer that stopped and arrested Rodriguez, testified at the trial. Garza testified that he was
patrolling around 11:20 p.m. in an area of Harlingen where there are many bars, when he heard two engines revving and
saw two trucks racing. He followed the trucks that immediately slowed down upon seeing him. Garza followed
Rodriguez's truck when he turned from the main road into a parking lot of a closed restaurant. While attempting to turn,
Rodriguez drove over the curb at the side of the driveway with both right tires. At this point, Garza stopped him. He
detected a strong odor of alcohol on Rodriguez and discovered that Rodriguez was driving without his license, which
Rodriguez said was suspended at the time because of a DWI. Rodriguez admitted to drinking one and a half beers a "long
time" before he was pulled over. Garza next conducted two field sobriety tests.

In conducting the horizontal gaze nystagmus (HGN) test on Rodriguez, Garza observed all six clues that indicate
intoxication. He observed a lack of smooth pursuit of the pen in both the appellant's eyes, nystagmus in the corner of each
eye at maximum deviation, and pronounced nystagmus prior to both eyes moving forty-five degrees. Rodriguez failed this
test, suggesting intoxication. Garza next administered a nine-step test. Rodriguez did not follow instructions and failed to
perform the test adequately. He neglected to step heel to toe on one step, took ten steps instead of nine, held his arms for
balance at a higher than accepted level and did not execute the proper turning procedure. Failure of this test also indicated
intoxication. Officer Garza testified that his observation of Rodriguez in both the field sobriety tests caused the officer to
conclude he was intoxicated; i.e., that he did not have the normal use of his mental and physical faculties due to the
introduction of alcohol into his body. The officer then placed appellant under arrest and transported him to the station.

The defense argues that the evidence is insufficient to prove appellant was intoxicated. However, Officer Garza concluded
he was intoxicated because of appellant's performance of two widely accepted field sobriety tests for intoxication. That,
combined with other circumstances, leads us to conclude a rational jury could have found the element of intoxication
beyond a reasonable doubt. The appellant's point of error is overruled. The appellant's conviction is affirmed.



 

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 14th day of June, 2001.