Gary Wayne FOUNTAIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–01–049 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 25, 2002.

Delivered May 22, 2002.

C.T. Hight, Liberty, for appellant.

A.J. Hartel, County Atty., Mark Beausoleil Asst. County Atty., Liberty, for state.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

After Gary Wayne Fountain pleaded nolo contendere to the misdemeanor offense of Driving While Intoxicated (DWI), he was convicted and assessed a probated sentence, the terms of which include suspension of his incarceration in the Liberty County Jail for a term of one year. Complaining of the trial court's denial of a pretrial written motion to suppress ruled on prior to his plea of nolo contendere, Fountain appeals his conviction via a designation in his notice of appeal. *See* Tex.R.App. P. 25.2(b)(3). Fountain's appellate issues complain that the deputies involved in the initial investigation lacked authority to detain him, and that the detention was rendered illegal because the Liberty County deputy who ultimately detained appellant

was outside his jurisdiction, had no warrant, and observed no criminal offense.

It is unclear from either a reading of Fountain's written motion to suppress or from an examination of the testimony before us exactly what "evidence" Fountain was requesting the trial court to suppress in connection with the charged offense. The written motion cryptically refers to the "seizure of the vehicle of the Defendant," but we are not told in what way Fountain's vehicle was used in his prosecution. Furthermore, the record is also silent as to which law enforcement agency transported Fountain to what facilities or how Fountain eventually was charged with DWI, except that Liberty County ultimately prosecuted him for DWI. At any rate, the transcribed recorder's record before us of the suppression hearing is an abbreviated one. Said record contains the testimony of Deputy Scott Paske of the Polk County Sheriff's Office, and Deputy Todd Mauthe of the Liberty County Sheriff's Office.[1]

Deputy Paske was first to testify. The record reveals that while on routine patrol in Polk County, Paske received a dispatch to go to a residence in Polk County to locate a person involved in a minor wreck in Liberty County in which a guard rail was apparently damaged. Paske proceeded to the address and observed a person matching the description provided to him by the dispatcher, and also observed a vehicle matching the description of the vehicle involved in the accident. Paske stated that Fountain and several other persons were standing outside of the residence. During the course of interviewing Fountain and another subject at the loca-

tion, Paske determined that Fountain was driving the vehicle, a damaged pick-up truck, and that Fountain was returning from a "club." Fountain ultimately admitted to having been involved in the accident. Approximately thirty minutes later, Deputy Mauthe arrived at Paske's location. Paske also included the fact that he believed Fountain to be very intoxicated.

Deputy Mauthe was called as a witness and testified that he was dispatched not to investigate the accident, but to "stand-by and hold the scene for a [Texas Department of Public Safety (D.P.S.)] trooper." Although the accident took place in Liberty County, Mauthe was dispatched to the city of Ace in Polk County. Specifically, Mauthe was dispatched to a residence in Ace where Deputy Paske and the individual involved in the accident were located. At the location, Mauthe made contact with Fountain and also noted that Fountain appeared to be intoxicated. Mauthe also testified that when he arrived at the residence where Deputy Paske and Fountain were located, Paske informed Mauthe that Fountain had already admitted to being the driver of the vehicle involved in the accident.

When Paske initially arrived on the scene and personally observed Fountain and the damaged vehicle, both matching the description provided Paske by his dispatcher, Fountain was properly the subject of an investigative detention. *See Davis v. State*, 947 S.W.2d 240, 242–43 (Tex.Crim.App.1997). Nevertheless, the mere fact that Fountain had become the focus of a criminal investigation did not convert his encounter with Paske into an arrest for *Miranda*[2] purposes. *See State v. Stevenson*, 958 S.W.2d 824, 828 (Tex.

---

1. The transcribed portion of the suppression hearing also contains a very brief bit of testimony from a Jimmy Munson, Fountain's brother-in-law, who was at the residential lo-

cation during the time Deputies Paske and Mauthe were present.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Crim.App.1997). From Paske's testimony, it appears he gathered enough information from his personal observations and questioning of Fountain to indicate that Fountain was indeed operating his vehicle while intoxicated.[3] Therefore, the testimony of Deputy Paske alone would be legally sufficient to sustain appellant's conviction for D.W.I. Any further evidence, potentially suppressible or otherwise, would not have been necessary had we been asked to conduct an evidentiary review for legal sufficiency. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ From the rather unique circumstances of the instant appeal, we find that the holding announced in *Young v. State*, 8 S.W.3d 656 (Tex.Crim.App.2000), is applicable. That holding is as follows: "Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere 'waives' or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error." *Id.* at 666–67. In the instant case, we find that Fountain's judgment of guilt, resulting from his "no contest" plea, was rendered on the independent admissible testimony of Deputy Paske, because the information received by Paske was not the product of custodial interrogation, or of any police misconduct or illegality. From the holding in *Young*, we must dismiss Fountain's appeal as the judgment of guilt was independent of any error alleged in his brief, and any error contemplated under the abbreviated record before us.

APPEAL DISMISSED.

**3.** *See Purvis v. State*, 4 S.W.3d 118, 121–22 (Tex.App.-Waco 1999, no pet.) (The combination of the defendant's admissions along with other corroborative evidence was held legally sufficient to sustain the defendant's conviction for D.W.I.)