In The



Court of Appeals



Ninth District of Texas at Beaumont


 

____________________



 NO. 09-01-219 CR


 NO. 09-01-220 CR


____________________



RICHARD STEVENS WELLS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 1


Montgomery County, Texas


Trial Court Cause Nos. 00-158826 and 00-158827






O P I N I O N


 A jury convicted appellant Richard Stevens Wells of two misdemeanor offenses: 
driving while intoxicated and failure to stop and give information. See Tex. Pen. Code
Ann. §§ 49.01(2)(A), 49.04(a), (b) (Vernon Supp. 2002); Tex. Transp. Code Ann. §§
550.022, 550.023 (Vernon 1999). The trial court assessed fines of $500 (failure to stop)
and $800 (DWI), a $250 restitution payment in the failure to stop conviction, and county
jail sentences of 180 days for each offense. The court suspended the imposition of the jail
sentences and placed Wells on community supervision. Both offenses arose out of a series
of events on July 30, 2000, and, though under separate indictments, the offenses were tried
together. We consolidate Wells' two appeals into a single opinion.

Factual Sufficiency


 In each appeal Wells raises a single issue -- factual insufficiency of the evidence to
support the conviction. In a factual sufficiency review, the court looks at all the evidence
in a neutral light and sets aside the verdict only if it is "so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust." Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000) (quoting Clewis v. State, 922 S.W.2d 126, 129-30 (Tex.
1996). Since the appellate court does not substitute its own judgment for that of the fact
finder and must be appropriately deferential, our evaluation should not intrude substantially
on the jury's role as the sole judge of the weight and credibility of witness testimony. See
Wesbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000); Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996).

Factual Background


 In the early morning hours of July 30, 2000, Wells was driving a blue Volkswagen
Beetle on I-45 when he sideswiped Zachary Retorico's Tahoe on the front passenger side. 
Wells did not stop. In an attempt to find out Wells' license number, Retorico began
following the Beetle while one of the passengers in Retorico's vehicle called 9-1-1. One
passenger copied down the license number. Retorico testified he observed Wells exit the
freeway and continue at high speeds through residential areas. He also saw Wells run stop
lights and stop signs and drive over front lawns, across medians, and into oncoming
traffic. At trial, Matt Frary, a passenger in Retorico's car, identified the defendant Wells
as being the man driving the Volkswagen that night. 

 Wells' account, which the jury heard and observed on the videotape, was different. 
Though initially denying he hit the other vehicle, Wells ultimately acknowledged he "felt
a little something." He claimed the other car hit him and aggressively chased him. 
Because of the other driver's aggressive pursuit, Wells indicated he did not drive to his
home but instead attempted to elude the driver. He acknowledged he did not stop when
the impact occurred; his stated intention was to report the incident later. 

 Responding to a dispatch call on a "hit and run" incident, Officer Gary Sharpen
located the vehicle that matched the license plate number given him by the dispatcher. 
While stopping the vehicle, he did not observe any traffic violations or weaving by the
Volkswagen. Wells pulled over when the officer's emergency lights were activated, and
he had no difficulty in locating his driver's license and giving it to the officer. Had the
opposite been true, Sharpen felt there would have been indicia of intoxication present. 
Sharpen also indicated Wells was not belligerent. The officer noted the Beetle was
damaged on the left side. Sharpen detained Wells until Trooper Miller of the Texas
Department of Public Safety arrived at the scene, along with Retorico and his passengers
in their vehicle. When Miller arrived, Sharpen alerted Miller to the possibility of an
intoxicated driver; Sharpen had detected alcohol on Wells' breath and noticed Wells' red,
watery eyes. 

 Trooper Miller testified he had received training in the detection of intoxicated
drivers. As part of his investigation, Miller asked Wells if he had been drinking. Wells
said no. Miller testified Wells "had the odor of alcoholic beverage that was strong on his
breath, his eyes were red and watery, his balance was not falling, but it was a bit wobbly,
unsure." He also took note of Wells' inconsistent statements -- the denial of any impact
and then the admission of a slight impact, Wells' admission of his failure to stop, and, in
Miller's view, Wells' limited recollection of the events that night. Miller also felt Wells
slurred the road name. Based on Miller's observations, he decided to administer field
sobriety tests to Wells: the Horizontal Gaze Nystagmus, walk and turn, one leg stand, and
finger dexterity tests. As a result of the events that night, Wells was charged with both
DWI and failure to stop. 

Failure to Stop


 Texas law provides that a person involved in an accident resulting only in damage
to a vehicle driven or attended by another person shall (1) immediately stop the vehicle at
the scene of the accident or as close as possible to the scene of the accident without
obstructing traffic more than is necessary; (2) immediately return to the scene of the
accident if the vehicle is not stopped at the scene of the accident; and (3) remain at the
scene of the accident until the operator complies with the requirements of Section 550.023.
See Tex. Transp. Code Ann. § 550.022 (Vernon 1999). Under Section 550.023, the
vehicle operator is required to give, along with other information, his name and address
and the name of his liability insurance carrier. See Tex. Transp. Code Ann. § 550.023
(Vernon 1999). 

 Wells challenges the "failure to stop" conviction because he claims the eyewitness
identification of him as the driver of the Beetle is too "tenuous." Wells contends it "is not
clear from the record whether Mr. Wells was driving the Volkswagon Beetle when it hit
Mr. Retorico's vehicle." At trial, however, Matt Frary identified Wells as the person
driving the Beetle that night. In addition, Trooper Miller testified Wells told him at the
scene of the investigation that he (Wells) had been in an accident and that he did not stop. 
The videotape viewed by the jury confirms the trooper's testimony. Wells told the
trooper, "A Suburban tried to run me off the highway . . . . I felt a little something . . .
. I tried to elude him." 

 Viewing the evidence in a neutral light, we conclude the verdict is not so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. The
identification of Wells as the Volkswagen driver, his admission on the tape that an impact
had occurred, and his failure to stop do not amount to evidence that is so weak, standing
alone, as to be insufficient to support the conviction. See Goodman v. State, 66 S.W.3d
283, 285-86 (Tex. Crim. App. 2001). In addition, the jury may choose to believe some
testimony and disbelieve other testimony. Id. If there is enough credible testimony to
support appellant's conviction, the conviction will stand. See id. Here, there is ample
evidence to establish the identity of Wells as the driver who failed to stop and give
information after he struck the Retorico vehicle with his car. Wells' issue in appeal
number 09-01-220 is overruled. 

Driving While Intoxicated
 

 The elements of the offense of driving while intoxicated are (1) a person (2) is
intoxicated (3) at the time of (4) operating (5) a motor vehicle (6) in a public place. See
Purvis v. State, 4 S.W.3d 118, 120 (Tex. App.--Waco 1999, no pet.). Texas statute, in
pertinent part, defines "intoxication" as follows: 

 (A) not having the normal use of mental or physical faculties by reason of
the introduction of alcohol, a controlled substance, a drug, a dangerous drug,
a combination of two or more of those substances, or any other substance
into the body[.]


 . . . .


Tex. Pen. Code Ann. § 49.01(2)(A) (Vernon Supp. 2002).

 Wells challenges the DWI conviction on the grounds that his performance on the
field sobriety tests and the video was "not indicative of a person being under the influence
of an alcoholic beverage such that his mental and physical faculties were impaired." In
particular, Wells states that Trooper Miller found only three clues on the HGN test. The
record shows otherwise. Trooper Miller testified he found three clues for each eye -- six
in all. The total possible under the HGN test is six. See Emerson v. State, 880 S.W.2d
759, 762 (Tex. Crim. App. 1994). As to the walk and turn test, Wells acknowledges only
two clues are necessary, and the trooper found three. Miller indicated Wells could not
walk heel-to-toe on the test and, though not unsteady to the point of falling down, he was
wobbly and unsure of his balance. On the one leg stand test, Trooper Wells testified he
found one clue. Based on his experience and training, he believed Wells was intoxicated.

 In addition to the results of the field sobriety tests, the jury heard other evidence
from Officer Sharpen, Trooper Miller, and the three young men in the Retorico vehicle
concerning the events of that night. There was testimony concerning the odor of alcohol
on Wells' breath; his watery, red eyes; slurred speech; refusal to submit to a breath test;
inconsistent statements; failure to stop; and reckless driving. The jury also viewed the
videotape. The videotape does not present indisputable visual evidence contradicting
essential portions of Trooper Miller's testimony. See Carmouche v. State, 10 S.W.3d 323,
332 (Tex. Crim. App. 2000). Giving due deference to the jury and the evidence in the
record, we conclude the jury's verdict finding Wells guilty of DWI was not "so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust." 
Appellant's issue in cause number 09-01-219 CR is overruled.

 The judgments are affirmed. 

 ________________________________

 DAVID B. GAULTNEY 
 Justice


Submitted on October 14, 2002 

Opinion Delivered November 6, 2002

Do Not Publish


Before Walker, C.J., Burgess, and Gaultney, JJ.