# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00469-CR

**James Michael Boulch, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 2005CR1717, HONORABLE BRENDA CHAPMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant James Michael Boulch guilty of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West 2003). The court assessed punishment at 150 days in jail and a $1,500 fine, but suspended imposition of sentence and placed appellant on community supervision. In his only point of error, appellant contends that the evidence is legally insufficient to sustain the conviction. We overrule the contention and affirm the trial court's judgment.

Two witnesses testified at appellant's trial, Comal County Deputy Alan Badillo and Texas Department of Public Safety Trooper John Fisher. Two videotapes, one from each officer's patrol car, were also introduced and played for the jury. The officers testified that they were dispatched to the scene of a one-vehicle accident on Glenn Drive at approximately 10:30 p.m. on August 3, 2005. Badillo's videotape shows that he actually arrived at 10:21 p.m., while Fisher's videotape shows that he arrived at 10:57 p.m.

The evidence shows that appellant's Isuzu truck had been driven down an embankment and into a tree. Appellant, who said he was fifty-seven, and his father, who was eighty-three, were at the scene, and neither man was injured. Appellant told Badillo that he and his father had been at the VFW, where he drank a beer, and were returning to his house in the 2600 block of Lakeview Drive when a deer ran out and caused him to swerve off the road. Although appellant initially stated that he had been driving the truck when the accident occurred, he later claimed that his father had been driving. We infer that appellant was the person who called to report the accident, although the record is not clear on this point.[1] Both officers testified that appellant had the odor of alcoholic beverage about him. The videotapes confirm the officers' testimony that appellant's speech was slurred and he was unsteady on his feet.

The evidence shows that appellant did not know where he was. Glenn Drive and Lakeview Drive are located in a residential area near Canyon Lake. Appellant told Fisher that he had lived in the Canyon Lake area for nineteen years and in the Lakeview Drive house for four years. A map of the area was introduced in evidence. Appellant told Fisher that his house was "right around the corner," but the map shows that the house was at least ten blocks from the site of the accident. It appears from the map that appellant had turned one block early. Glenn Drive would have eventually led him to Lakeview Drive, but only in a circuitous fashion. Had appellant turned one block later, onto Scenic Drive, he would have gone directly to Lakeview Drive and his house. Fisher testified and the map confirms that the accident scene was at a corner very similar to the

---

[1] Soon after Badillo arrived, appellant can be heard on the videotape asking, "Who called you?" A few minutes later, however, appellant told Badillo, "We called you."

2

corner on which appellant's house is located. This evidence suggests that appellant turned into the ditch thinking that he was at his house.

Appellant does not question the sufficiency of the evidence as to his intoxication at the time of his arrest, nor does he dispute that the State proved that he had been operating a motor vehicle in a public place. Appellant contends, however, that there is "no evidence that would allow a rational trier of fact to infer when [he] might have been driving" and, therefore, no evidence to prove that he was intoxicated at the time he drove. Appellant asserts that there is no evidence as to when the accident occurred or when it was reported. He urges that there is no evidence regarding the location of the VFW hall mentioned by appellant or when he left it. And neither officer testified that the truck's engine was warm or that the vehicle was leaking fluid so as to suggest that it had been recently driven.

In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). The same standard of review is applied in both direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991). The "reasonable alternative hypothesis" construct previously applied in circumstantial evidence cases, under which circumstantial evidence would be deemed insufficient if it did not exclude every reasonable alternative hypothesis except the defendant's guilt, is no longer used to determine the legal sufficiency of the evidence. *Id*. at 160-61.

Appellant cites nine opinions addressing the sufficiency of the evidence in a DWI prosecution. Seven of them, including the four finding the evidence to be legally insufficient, predate *Geesa*. *See Duran v. State*, 352 S.W.2d 739 (Tex. Crim. App. 1962) (evidence insufficient); *Kennedy v. State*, 797 S.W.2d 695 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (evidence sufficient); *Folk v. State*, 797 S.W.2d 141 (Tex. App.—Austin 1990, pet. ref'd) (evidence sufficient); *Thomas v. State*, 756 S.W.2d 59 (Tex. App.—Texarkana 1988, pet. ref'd) (evidence sufficient); *McCafferty v. State*, 748 S.W.2d 489 (Tex. App.—Houston [1st Dist.] 1988, no pet.) (evidence insufficient); *Coleman v. State*, 704 S.W.2d 511 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd) (evidence insufficient); *Sinast v. State*, 688 S.W.2d 631 (Tex. App.—Corpus Christi 1985) (evidence insufficient), pet. ref'd, 698 S.W.2d 153 (Tex. Crim. App. 1985). Appellant cites two pertinent opinions that post-date *Geesa*, both of which find the evidence to be sufficient. *See Zavala v. State*, 89 S.W.3d 134 (Tex. App.—Corpus Christi 2002, no pet.); *Purvis v. State*, 4 S.W.3d 118 (Tex. App.—Waco 1999, no pet.). In both *Zavala* and *Purvis*, the courts point out that earlier opinions must be read in light of the abandonment of the "alternative hypothesis" construct. *Zavala*, 89 S.W.3d at 138-39; *Purvis*, 4 S.W.3d at 120.

The issue before us, therefore, is whether the evidence, viewed in the light most favorable to the verdict, supports a rational finding that appellant was intoxicated when he operated his truck on the night in question. It is the jury's responsibility to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 319). If a rational trier of fact could find this element of the offense beyond a reasonable doubt, the evidence is legally sufficient even though the evidence

might not exclude another reasonable alternative hypothesis. *Zavala*, 89 S.W.3d at 139; *Purvis*, 4 S.W.3d at 120.

The evidence showed that appellant was intoxicated when Badillo arrived at the accident scene at 10:20 p.m. The State did not offer evidence as to when appellant left the VFW hall, when the call reporting the accident was received, or when the officers were dispatched, but appellant agreed at oral argument that the video showed that it took the officers about thirty minutes to arrive at the scene after receiving the dispatch. It is reasonable to assume that the dispatch was sent immediately after the accident was reported and to infer that appellant called to report the accident soon after it happened. Thus, even a conservative estimate would place the time of the accident at less than one hour before Badillo arrived. The evidence further demonstrates that appellant was driving home in an area he knew well on what appears to have been a clear August night. Despite having lived in the immediate neighborhood for four years, appellant took a wrong turn. Then, when he came to a corner very similar to the one on which he lives, he turned off the road and down an embankment and collided with a tree. Even after the accident, appellant continued to believe that he was close to home, telling an officer that his house was "just around the corner." The jury could reasonably infer that appellant's disorientation was due to his intoxication, and that it was this intoxication that caused appellant to miss his turn and then drive down the embankment in the apparent belief that it was his driveway. This inference was reinforced by appellant's attempt, after it became clear that the officers believed that he was intoxicated, to change his story and claim that his father had been driving.

It is possible that appellant was sober when he had his accident but somehow became intoxicated before the officers arrived. Whether this is a reasonable possibility under the circumstances is a question we need not decide, because it was not necessary for the State to exclude all other reasonable alternative explanations for the events of that night. Viewing the evidence under the *Jackson* standard, we conclude that the State presented more than a "mere modicum" of evidence to prove that appellant was intoxicated while driving. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (discussing application of *Jackson*). We hold that the evidence rationally supports the jury's determination beyond a reasonable doubt that appellant was intoxicated as he drove home on the night of August 3, 2005.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: May 2, 2007

Do Not Publish

6