

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00079-CR

**SAMUEL VAN NESS,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

---

### From the County Court at Law
### Walker County, Texas
### Trial Court No. 07-1340

---

## MEMORANDUM OPINION

---

Samuel Van Ness (also referred to as Vanness in the record) appeals his conviction for driving while intoxicated. We will affirm.

Van Ness's sole issue is that the evidence is legally and factually insufficient. The Court of Criminal Appeals, in *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010), abandoned the factual-sufficiency standard in criminal cases; we thus need only consider the sufficiency of the evidence under the legal-sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert. denied*, 132 S.Ct. 2712 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012); *see Purvis v. State,* 4 S.W.3d 118, 120 (Tex. App.—Waco 1999, no pet.). Intoxicated means, in part, "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." TEX. PENAL CODE ANN. § 49.01(2)(A).

The only witness at trial was DPS trooper Brian Hebert, who said that he made contact with Van Ness after being given information that a red pickup truck that Van Ness was standing next to in a gas station parking lot had been involved in an accident and had left the scene. Van Ness told Hebert that a girl had wrecked the truck, which had a flat tire, so Van Ness drove it from where the wreck occurred to the gas station parking lot so he could change the flat. Hebert said that he smelled alcohol on Van Ness's breath and that his speech was slurred. The encounter was videotaped from Hebert's patrol car, and the video was shown to the jury.

Van Ness told Hebert that he had been drinking tequila, and when asked how much tequila he had had to drink, Van Ness replied, "Enough." Hebert replied, "Enough to make your drunk?" Van Ness answered, "Enough I guess." In response to Hebert's statement that Van Ness had told him he was drunk "a while ago," Van Ness replied, "Yes sir, I am." Van Ness also said that he had just driven the truck from the scene of the wreck to the parking lot, and that Hebert could take him to jail if he wanted

to.

Hebert then attempted to have Van Ness perform field sobriety tests. On the horizontal gaze nystagmus, Van Ness did not follow Hebert's finger with his eyes; he kept staring at Hebert, who opined that this behavior was a sign of intoxication. During his performance of the walk-and-turn test, Van Ness stopped and argued with Hebert, then he began hopping and dancing while counting steps, which Hebert opined was a sign of impairment, even though he admitted that Van Ness showed balance while dancing. Van Ness then further argued with and cursed at Hebert, who next had Van Ness perform the one-legged stand. During that test, Van Ness was unable to maintain his balance and walked over to truck and "assumed the arrest position." Hebert placed handcuffs on Van Ness and searched the truck. During the search, Van Ness argued with Hebert and yelled and cursed at onlookers, all of which was, in Hebert's opinion, a sign of intoxication. At one point in their interaction, Van Ness laid down on the ground and asked Hebert to beat him up, which, in Hebert's opinion, was another sign of intoxication. In conclusion, Hebert said that, in his opinion, Van Ness had lost the use of his physical and mental faculties.

In his sufficiency complaint, Van Ness asserts that, while he admitted to Hebert at the scene that he was intoxicated, Van Ness did not say how intoxicated he was. But as we have just outlined above, the State did not rely solely on Van Ness's admission; it offered considerable evidence of Van Ness's intoxication, including Hebert's opinion that Van Ness was intoxicated because Van Ness had lost the use of his physical and mental faculties.

Van Ness also asserts that there is no evidence that he was "actually intoxicated while he operated the truck."  But "[u]nder the *Jackson* test, we permit juries to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial."  *Hooper,* 214 S.W.3d at 15.  We are to "adhere to the *Jackson* standard and determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict."  *Id.* at 16-17.

Van Ness admitted that he had been drinking alcohol and that he had driven the truck.  Hebert provided a considerable amount of testimony that Van Ness was intoxicated.  Viewing the evidence in the light most favorable to the verdict, we hold that a rational jury could have found beyond a reasonable doubt that Van Ness was intoxicated when he drove the truck to the gas station parking lot.  *See, e.g., Purvis,* 4 S.W.3d at 121-22.  Because the evidence is sufficient, we overrule Van Ness's sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 18, 2012
Do not publish
[CR25]