**Marcos ZAVALA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–99–671–CR.**

Court of Appeals of Texas, Corpus Christi-Edinburg.

Sept. 12, 2002.

Christian Carl Samuelson, Jason D. Cassel, Houston, for appellant.

Calvin A. Hartmann, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney, S. Elaine Roch, Asst. District Attorney, Houston, for state.

Before Justices HINOJOSA, CASTILLO, and McCORMICK.[1]

## OPINION

ERRLINDA CASTILLO, Justice.

Appellant, Marcos Zavala, was convicted of driving while intoxicated in a trial before the court. After hearing the evidence, the trial court found him guilty and assessed punishment at 180 days in jail, probated for one year, and a $300.00 fine. In two points of error, appellant challenges the legal and factual sufficiency of the evidence to support the conviction. More particularly, appellant asserts that the State failed to prove that he operated a vehicle at any specific hour of the day while he was intoxicated. We affirm.

### Factual Background

In late September or early October of 1998, appellant bought a black Mustang automobile from his wife's cousin, Pedro Perales. Although appellant had not fully paid Perales for the vehicle, he had taken possession of it.

On November 29, 1998, an off-duty officer working at a restaurant near the Southwest Freeway in Houston noticed a number of wreckers going to a nearby location and went over to discover what had happened. At 3:40 a.m., Officer Kristin Gibbs, of the Houston Police Department, was dispatched to the scene, arriving on the scene at 3:48 a.m. She spoke first with the off-duty police officer who directed her to appellant who was standing fifteen to twenty feet away. She approached appellant and asked him what happened. He told her that he had been on the feeder road, northbound, attempt-

1. Retired Court of Criminal Appeals Judge Michael J. McCormick assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. §§ 74.003 (Vernon 1998).

ing to take the on-ramp to enter the Southwest Freeway. Appellant further explained to her that a car had then run him off of the road, causing him to hit a traffic control device that controlled entry to the freeway from the entrance ramp and then go across the median. Officer Gibbs observed the car, about a tenth of a mile from the traffic control device, with the car's right front quarter panel torn off, but still attached to the car by a cable. All four tires were flat and the panel had apparently been dragged under the car for some distance. While appellant was talking, Gibbs noticed an odor of an alcoholic beverage on appellant's breath, and on questioning him, he admitted to having had "a Jack Daniels and Coke" between 11:00 and 11:30 p.m. the previous night. Suspicions were raised in her mind that he was intoxicated at the time of the accident also by the fact that he had continued driving for one-tenth of a mile with four flat tires and a "torn-off" front quarter panel and that the entrance ramp was a single lane ramp, and so no vehicle could have run him off unless it was traveling on the median. Gibbs then inspected appellant's car and determined that there was no damage to his car indicating that he had been struck by another vehicle.

Gibbs then performed a H.G.N.[2] test on appellant, concluded he was intoxicated,[3] and placed him under arrest at 3:55 a.m. She then transported appellant to the intoxication center. While there, appellant began to cry and again described to Officer Gibbs how he had been attempting to get on the freeway when another car had run him off the road. While at the center, appellant refused a breath test and was administered another H.G.N. test by a different officer, who observed appellant crying and with bloodshot eyes. Appellant was also administered other sobriety tests by another officer, who videotaped the tests. Both officers were certified to give the respective tests. At the center, appellant had a very strong odor of alcohol that could be smelled three to five feet away. Both officers believed he was intoxicated and had lost the normal use of his mental and physical facilities.

At trial, Officer Gibbs testified that no one else, other than police, defendant, and the wrecker drivers were at the scene. She admitted that she didn't know exactly what time the accident took place; the vehicle was not running when she arrived; she didn't remember if the keys were in the vehicle; appellant was not in the car; she did not see appellant driving; no one told her they saw appellant drive the vehicle; and she saw no alcoholic beverage containers at or around the scene. At trial, testimony was also given by Roman Flores, cousin to appellant, who stated that, after viewing the videotape, he did not believe appellant was intoxicated. On cross-examination, Flores testified that appellant had described the accident to him and told Flores that he had been run off the road while driving and had hit a traffic light.

### Standard of Review

In conducting a legal sufficiency review, we consider all the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In this review, we are not to reevaluate the weight and credibility of the evidence, but

---

**2.** Horizontal gaze nystagmus.

**3.** Gibbs admitted that she was not certified to do the H.G.N. test but had received training on how to administer the test.

rather, act only to ensure that the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App. 1993).

In conducting a factual sufficiency review, we also consider all the evidence but without the prism of "in the light most favorable to the prosecution." *Clewis v. State*, 922 S.W.2d 126, 134 (Tex.Crim.App. 1996). While authorized to disagree with the fact finder, the reviewing court must be appropriately deferential to the fact finder's findings so as not to substitute its judgment for that of the fact-finder and so should act only to prevent a manifestly unjust result. *Jones v. State*, 944 S.W.2d 642, 648 (Tex.Crim.App.1996). Unless the available record clearly reveals a different result is warranted, a reviewing court must defer to the fact finder's determination concerning the weight to be given contradictory testimonial evidence. *Johnson v. State*, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). Under a factual sufficiency review, the appellate court, after viewing all the evidence neutrally, is to consider whether either the proof of guilt is so weak as to render it clearly wrong and manifestly unjust or the verdict of guilt is against the great weight and preponderance of the available evidence. *Id.* at 11.

### The Extrajudicial Statements

■ At the outset, we are confronted with the evidentiary effect of appellant's extrajudicial statements made to Officer Gibbs, both at the scene and at the station, that he was driving the black Mustang.

While proof of the *corpus delicti* of an offense may not be made by an extrajudicial confession alone, proof of the *corpus delicti* need not be made independent of the extrajudicial confession.[4] *Self v. State*, 513 S.W.2d 832, 835 (Tex.Crim.App.1974). As long as there is some evidence corroborating the confession, the confession may be used to aid in the establishment of the *corpus delicti. Id.*

■ The *corpus delicti* of driving while intoxicated is that someone drove or operated a motor vehicle in a public place while intoxicated. *Threet v. State*, 157 Tex.Crim. 497, 250 S.W.2d 200, 200 (1952). In *Folk v. State*, 797 S.W.2d 141, 144 (Tex. App.-Austin 1990, pet. ref'd), a case very similar to the one before us, the defendant argued that the *corpus delicti* was not proven because there was no evidence other than his extrajudicial statement tending to prove that he was driving the car. The court there found that evidence that the vehicle was registered to a person with whom the defendant lived was sufficient to corroborate his admission that he was driving the vehicle that night. *Id.* In the instant case, under *Folk*, the testimony of Perales that appellant was purchasing the vehicle and had taken possession of it is sufficient to corroborate his statement.[5] *Id.* We therefore find that appellant's statements may be used in establishing the *corpus delicti* in the instant case. *Id.*

### Sufficiency Analysis

Considering appellant's statements then, along with the other evidence presented,

---

4. The court in *Self* seemed to question the continued viability of the corroboration requirement, noting "A traditional distrust for the reliability of extrajudicial confessions has caused most jurisdictions to require their corroboration. This earlier distrust may now be dissipating because of the greater reliability that may be attributed to confessions as a result of the application of recent decisions such as *Miranda v. Arizona*, 384 U.S. 436, 86

S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)." *Self v. State*, 513 S.W.2d 832, 836–37 (Tex.Crim.App.1974).

5. Appellant's statements were also corroborated by the condition of the vehicle, which was damaged by the accident in which he stated he was involved.

we find that the evidence is legally and factually sufficient to show that appellant was driving the black Mustang at the time of the accident. *Id.* Further, we find the evidence legally and factually sufficient to show appellant was intoxicated after the accident. *See Bright v. State*, 865 S.W.2d 135, 137 (Tex.App.-Corpus Christi 1993, pet. ref'd)(citing *Finley v. State*, 809 S.W.2d 909, 913 (Tex.App.-Houston [14th Dist.] 1991, pet. ref'd))(jury could consider defendant's failure to submit to a breath test as evidence of driving while intoxicated); *Little v. State*, 853 S.W.2d 179, 183 (Tex.App.-Corpus Christi 1993, no pet.)(the uncorroborated testimony of an arresting officer alone is sufficient to establish intoxication); *Hargrove v. State*, 774 S.W.2d 771, 772 (Tex.App.-Corpus Christi 1989, pet. ref'd)(testimony of officers sufficient to establish intoxication); *see also* TEX. TRANSP. CODE ANN. § 724.061 (Vernon 1999)(evidence that defendant refused breath test may be introduced into evidence at trial). But this is not the end of our inquiry. Even though the evidence is sufficient to show appellant was intoxicated at the time of his arrest, and that he did drive a vehicle, the question more precisely before us is whether we must consider whether the evidence is sufficient to show that appellant drove while he was intoxicated.

Appellant argues that the evidence is insufficient to show that he was intoxicated *at the time* he was operating the motor vehicle because the time of the accident was not established nor was it established that he was intoxicated at the time of the accident. Appellant argues that as the State failed to "fix" the time of the accident, or more specifically, the time of appellant's driving and his intoxication, the conviction must be reversed and an acquittal entered.[6] For support, appellant cites *Purvis v. State*, 4 S.W.3d 118 (Tex.App.-Waco 1999, no pet.); *Folk*, 797 S.W.2d at 141;[7] *Thomas v. State*, 756 S.W.2d 59 (Tex.App.-Texarkana 1988, pet. ref'd); *McCafferty v. State*, 748 S.W.2d 489 (Tex. App.-Houston [1st Dist.] 1988, no pet.); *Coleman v. State*, 704 S.W.2d 511 (Tex. App.-Houston [1st Dist.] 1986, pet. ref'd); *Sinast v. State*, 688 S.W.2d 631 (Tex.App.-Corpus Christi), *pet. ref'd per curiam*, 698 S.W.2d 153 (Tex.Crim.App.1985); and *Green v. State*, 640 S.W.2d 645 (Tex.App.-Houston [14th Dist.] 1982, no pet.).

We note, first of all, that the analysis relied upon by appellant in *Green* actually only went to the proof that the respective defendants had driven the vehicle at all, not whether they were intoxicated at the time of the driving. *Green*, 640 S.W.2d at 647. As such, that case is not applicable to the present question.

As for the remaining cases, and indeed all of the cases cited by appellant to support this argument but one,[8] they are pre-*Geesa* cases so the reviewing courts were required to apply the exclusion of a reasonable hypothesis analytical construct. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex. Crim.App.1991), *overruled in part on other grounds, Paulson v. State*, 28 S.W.3d 570 (Tex.Crim.App.2000). In other words, as to a conviction based on circumstantial evi-

---

**6.** Although appellant raises an issue as to the factual sufficiency of the evidence, for which, if sustained, the proper relief would be a new trial, *see Clewis v. State*, 922 S.W.2d 126, 133–34 (Tex.Crim.App.1996), the only relief requested by appellant in his brief is for an acquittal.

**7.** We assume that the case cited in this section and styled as *Self v. State*, but with the citation for *Folk v. State*, is meant as a citation to *Folk* since *Self* does not involve a driving while intoxicated conviction.

**8.** *Purvis v. State*, 4 S.W.3d 118 (Tex.App.-Waco 1999, no pet.).

dence, the State had to exclude all reasonable hypotheses, other than the defendant's guilt, in order for the evidence to be found sufficient on appeal. *Carlsen v. State*, 654 S.W.2d 444, 447 (Tex.Crim.App. 1983), *overruled by Geesa v. State*, 820 S.W.2d 154, 161(Tex.Crim.App.1991). In a driving while intoxicated case, this might include the hypothesis that a defendant might have become intoxicated after an accident in which he had been driving. *See, e.g., McCafferty*, 748 S.W.2d at 491(noting "[t]he State did not ask [the witness] whether appellant had anything to drink while waiting for the wrecker, and thus did not exclude this hypothesis."). The reasonable hypothesis analytical construct was overturned in *Geesa*, and no longer binds this Court. *Geesa*, 820 S.W.2d at 161. Of the cases cited by appellant, only *Purvis v. State*, is a post-*Geesa* case. Thus appellant's cited pre-*Geesa* authorities are "not controlling and of limited value." [9] *Barton v. State*, 882 S.W.2d 456, 458–59 (Tex.App.-Dallas 1994, no pet.)(referring to several pre-*Geesa* authorities, including *McCafferty* and *Sinast*); *see also Chaloupka v. State*, 20 S.W.3d 172, 175 (Tex.App.-Texarkana 2000, pet. ref'd)(declining to follow *McCafferty* and *Coleman*); *Purvis*, 4 S.W.3d at 120 (declining to apply *McCafferty* and *Sinast*).

Moreover, in the three cases cited by appellant which do not specifically indicate they were decided under the reasonable hypothesis analytical construct, *Thomas*, *Coleman*, and *Sinast*, we do not read them as narrowly as appellant. Appellant argues that these cases stand for the principle that where the State does not establish the specific *time* of the defendant's driving which caused the accident, the conviction cannot be maintained because no nexus can be established between the intoxication and the driving admitted to by appellant. We disagree.

Proof of the precise time of an accident or of driving is not the *sine qua non* of driving while intoxicated. Such proof is in itself not critical, except as it establishes the time during which the fact finder must consider the defendant's state and determine whether during that episode of driving the defendant was intoxicated. Thus the critical issue is that there must be proof from which the fact finder can conclude that at the time of the driving in question, whenever that might be, the defendant was intoxicated, in other words, a "link" between the driving and the intoxication. *See Thomas*, 756 S.W.2d at 61("We must next examine the evidence to determine its sufficiency . . . to link Thomas's intoxication to the time when the collision occurred."); *Coleman*, 704 S.W.2d at 512 (describing *Duran v. State*, 171 Tex. Crim. 535, 352 S.W.2d 739 (1962), upon which the *Coleman* court relied, as holding that "evidence held insufficient where defendant was shown to be intoxicated, and the driver of the auto, but no evidence linked the time of the accident with the time of his intoxication."). Thus the purpose of establishing a time for the driving is "to furnish the jury with an informed basis for determining the relationship, if any, between the accused's driving and his intoxication, if proven." *Kennedy v. State*, 797 S.W.2d 695, 697 (Tex.App.-Houston [1st Dist.] 1990, no pet.)

In the present case, there is evidence in the record before us to allow us to

---

9. Of the pre-*Geesa* cases cited by appellant, three, *McCafferty, Folk* and *Green*, expressly referenced the reasonable hypothesis analytical construct. *McCafferty v. State*, 748 S.W.2d 489, 491 (Tex.App.-Houston [1st Dist.] 1988, no pet.); *Folk v. State*, 797 S.W.2d 141, 143 (Tex. App Austin 1990, pet. ref'd); *Green v. State*, 640 S.W.2d 645, 647 (Tex.App.Houston [14th Dist.] 1982, no pet.).

determine that relationship and to show that appellant drove the black Mustang while intoxicated. As we have stated previously, there is sufficient evidence to show that appellant drove the vehicle at the time of the accident. While the time of his driving was not specifically fixed in the record, it was sometime between 11:00 or 11:30 p.m., when appellant testified he drank an alcoholic beverage,[10] and 3:40 a.m., at which time the police were dispatched to the accident site. Appellant was asked by Officer Gibbs after the accident whether he had had any alcoholic beverages and indicated none aside from the one he claimed he drank between 11:00 and 11:30 p.m. Thus, any intoxication under which appellant was laboring at the time of the arrest and at the intoxication center, by his own admission, must have had its origin in the drink, or drinks, which he had no later than 11:30 p.m. Hence, there is no possibility that appellant could have gotten intoxicated after the accident.[11] Therefore, since appellant's intoxicated state at the time of his arrest could only have arisen from his drinking at around 11:00 to 11:30 p.m. the night before, it follows that appellant must have been intoxicated between those time periods, which would have included the time of the accident. Thus the evidence is sufficient to establish that, whatever time the accident occurred, it occurred at a time during which he was intoxicated. *See Purvis,* 4 S.W.3d at 119, 121–22 (where "Good Samaritan" found a car in ditch, with defendant therein passed out, and when trooper arrived, defendant smelled of alcohol, appeared intoxicated, admitted driving at the time of the accident, and admitted drinking four beers before accident, evidence sufficient even though time of accident never established).[12]

We find that a reasonable trier of fact could have found that appellant was intoxicated at the time he drove the motor vehicle and that the evidence of the same was not so weak or against the overwhelming weight of the evidence as to be manifestly unjust. We therefore find the evidence both legally and factually sufficient to sustain appellant's conviction for driving while intoxicated and overrule both of appellant's issues.

### Conclusion

Having overruled both of appellant's issues, we affirm the judgment of conviction.

Dissenting opinion by Retired Judge MICHAEL J. McCORMICK.

**10.** Appellant's statement that he had last drank an alcoholic drink *the previous night* indicates that the drink occurred prior to the accident.

**11.** At trial, appellant took some pain to establish that there were no alcoholic beverages found in or around the vehicle. This, considered in light of appellant's statement of only having one drink the previous night, eliminates the possibility that he drank while he was driving or after he had the accident as the "Jack Daniels and Coke" must have been consumed in a location away from the vehicle. Appellant did not claim either below or on appeal that he had the accident prior to 11:00 or 11:30 p.m., retired to a bar or elsewhere for a drink, then returned to the scene to await the arrival of the police at the scene, the access road of a major freeway, some five hours later. Even under the old overruled reasonable hypothesis analytical construct, this theory would not have been a reasonable hypothesis.

**12.** Despite citing *Purvis* for support, appellant argues that *Purvis* is distinguishable because appellant, unlike the defendant in Purvis, was not found in the vehicle, nor were the headlights on. *Purvis,* 4 S.W.3d at 121. As we read *Purvis,* these factors were considered as some of the evidence corroborating the defendant's statements and not the determinative factors in the case. *Purvis,* 4 S.W.3d at 122.

Before Justices HINOJOSA, CASTILLO, and McCORMICK.[1]

Dissenting Opinion by Justice McCORMICK (Retired).

The majority concludes that the evidence in this case is sufficient to support the conviction. Because I do not believe the evidence to be legally sufficient, I file this dissenting opinion.

Appellant, Marcos Zavala, was convicted of driving while intoxicated in a trial before the court. Following a finding of guilty, the trial court assessed punishment at 180 days in jail probated for one year, a $300.00 fine, and 24 hours of community service. In two points of error, appellant challenges the legal and factual sufficiency of the evidence to support the conviction. More particularly, he complains that the State failed to prove beyond a reasonable doubt that appellant was intoxicated at the time he operated a motor vehicle in that the evidence failed to establish any specific hour of the day appellant operated the vehicle.

Appellant entered a plea of not guilty to an information alleging that while intoxicated by not having the normal use of his mental and physical faculties by reason of the introduction of alcohol into his body, he operated a motor vehicle in a public place. The State first called Pedro Perales as a witness. He testified that the appellant was married to his cousin and that sometime in late September or early October prior to an accident in November, he transferred possession of a black Mustang to the appellant.

Officer Kristin Gibbs of the Houston Police Department testified that at 3:40 a.m. on November 29, 1998, she was dispatched to an accident scene on the Southwest Freeway, and that she arrived on the scene at 3:48 a.m. She first encountered an off duty police officer who directed her to appellant who was standing 15 to 20 feet away. She testified that appellant admitted driving a black Mustang that was parked on the side of the road with its right front quarter panel torn off and all four tires flat. Appellant told Officer Gibbs that he was attempting to enter the freeway when he was run off the road and struck a traffic control device that controlled entry to the freeway from the entrance ramp.

Officer Gibbs further testified that the black Mustang was about one-tenth of a mile from where the impact with the traffic control device occurred, and that the front panel of the vehicle was still connected to the vehicle by a cable and that the panel had been drug along the ground from the point of impact. She also testified that she smelled alcohol on appellant who admitted to having had one drink at around 11:00 p.m. the night before. She performed an H.G.N.[2] test on the appellant and concluded he was intoxicated and placed him under arrest at 3:55 a.m. She then transported appellant to the intoxication center where appellant refused a breath test, was administered another H.G.N. test, and was videotaped.

Officer Gibbs further testified that she saw no one else at the scene, she didn't know what time the accident took place, she didn't know if the keys were in the Mustang, no one told her they saw appellant drive the vehicle, and she saw no alcoholic beverage containers at or around

1. Retired Judge Michael J. McCormick assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. §§ 74.003 and 75.002 (Vernon 1998).

2. Horizontal gaze nystagmus.

the scene. Assuming, *arguendo*, that appellant was intoxicated at 3:55 a.m., and later at 5:00 a.m. at the intoxication center, is the evidence sufficient to show that appellant operated the black Mustang while intoxicated? ·

As an appellate court called upon to review the legal sufficiency of the evidence, we must examine all of the evidence in the record in order to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] This standard is applied to both direct and circumstantial evidence cases.[4] If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes that evidence, the appellate court does not reverse the judgment on sufficiency of the evidence grounds.[5] Any inconsistencies in the evidence are resolved in favor of the judgment.[6] This Court must not sit as a thirteenth juror and disregard or reweigh the evidence.[7]

At the outset, we are confronted with the evidentiary effect of appellant's extrajudicial statement to Officer Gibbs that he was driving the black Mustang. The rule is that proof of the *corpus delicti* may not be made by an extrajudicial confession alone, but proof of the *corpus delicti* need not be made independent of the extrajudicial confession. If there is some evidence corroborating the confession, the confession may be used to aid in the establishment of the *corpus delicti*.[8]

The *corpus delicti* of driving while intoxicated is that someone drove or operated a motor vehicle in a public place while intoxicated.[9] In *Folk v. State*,[10] a case very similar to the one before us, the defendant argued that the *corpus delicti* was not proved because there was no evidence other than his extrajudicial statement tending to prove that he was driving the car. The court correctly noted:

> This argument confuses the evidence necessary to prove the guilt of a defendant with that necessary to prove the *corpus delicti*. Provided there is other evidence that a crime was committed, the identity of the defendant as the perpetrator may rest alone with his confession. *Thomas v. State*, 458 S.W.2d 817 (1970). In support of his argument, appellant cites *Coleman v. State*, 704 S.W.2d 511 (1986, pet ref'd), and *Hanson v. State*, 781 S.W.2d 445 (1989, pet.granted). To the extent that these opinions suggest that the defendant's identity as the perpetrator is part of the

---

3. *Criner v. State*, 860 S.W.2d 84 (Tex.Crim. App.1992), and *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

4. *Chambers v. State*, 805 S.W.2d 459 (Tex. Crim.App.1991).

5. *Moreno v. State*, 755 S.W.2d 866 (Tex.Crim. App.1988).

6. *Matson v. State*, 819 S.W.2d 839 (Tex.Crim. App.1991).

7. *Moreno, supra*, at 867.

8. *Self v. State*, 513 S.W.2d 832 (Tex.Crim.App. 1974). The Court in *Self* seemed to question the continued viability of the rule: "A tradi-

tional distrust for the reliability of extrajudicial confessions has caused most jurisdictions to require their corroboration. This earlier distrust may now be dissipating because of the greater reliability that may be attributed to confessions as a result of the application of recent decisions such as *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)." *Self v. State*, 513 S.W.2d 832, 836–37 (Tex.Crim. App.1974).

9. *Threet v. State*, 157 Tex.Crim. 497, 250 S.W.2d 200 (1952).

10. 797 S.W.2d 141 (Tex.App.-Austin 1990, pet. ref'd).

*corpus delicti* and must be supported by evidence other than an extrajudicial confession, we decline to follow them.

Following *Folk, supra*, the evidence is sufficient to show that appellant was driving the black Mustang. But this is not the end of our inquiry, even though the evidence is sufficient to show appellant was intoxicated at the time of his arrest. The question remains whether appellant drove while he was intoxicated. We answered this question in *Sinast v. State:* [11]

> In the instant case there was no evidence that the engine of the vehicle was still hot, see *Johnson v. State*, 517 S.W.2d 536 (Tex.Crim.App.1975), or that the car was still smoking, see *Green v. State*, 640 S.W.2d 645 (Tex.App.-Houston [14th Dist] 1982, no pet.). Absent any evidence in the record fixing the time of the accident, the evidence is insufficient to show that appellant drove at the time he was intoxicated.[12]

As in *Sinast*, there is no evidence in the record before us to show when the appellant drove the black Mustang. Contrary to the assertions made by the majority, the appellant at no time stated he had drunk alcohol *prior* to the accident.

There being absolutely no evidence of the time of the offense, the evidence is legally insufficient to show that appellant drove at the time he was intoxicated. The judgment of the trial court should be reversed, and this cause remanded to the trial court with instructions that a judgment of acquittal be entered.

Because the majority fails to do so, I respectfully dissent.

---

11. 688 S.W.2d 631 (Tex.App.-Corpus Christi 1985).

