COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ANGELA URENDA,                                            )

                                                                              )              
No.  08-04-00045-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
210th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20030D02627)

                                                                              )

 

 

O
P I N I O N

 

Appellant Angela
Urenda appeals her felony conviction for driving while intoxicated.  A jury found her guilty, and the trial court
assessed punishment at 5 years=
probation, with 30 days imprisonment as a condition of probation, and a fine of
$1,500.  On appeal, Appellant contends
the evidence was factually insufficient to sustain the conviction.  We affirm.

In the early
morning of March 19, 2003, Ronald Martin went to Wal-Mart store in Northeast El
Paso, Texas.  He pulled in behind an SUV
that he thought would move, but when it did not move, he honked, backed up, and
then went around.  As he drove around the
SUV, Mr. Martin saw a woman with long, dark hair, later identified as the
Appellant, sitting in the driver=s
seat.  She was slumped over the steering
wheel.  He also noticed that the vehicle=s taillights were on.  As Mr. Martin walked toward the Wal-Mart, he
noticed the same 








dark-colored SUV, with the motor
running and lights on, move forward slowly at an angle for about twenty
feet.  The vehicle suddenly stopped but
the brake lights did not go on.  Mr.
Martin did not see what caused the vehicle to stop.

At about the same
time, Aaron McDonald was inside the Wal-Mart store and had been inside twenty
to twenty-five minutes.  When he left the
store, he found that a black Suburban had run into and damaged his car.  The Suburban driver, the Appellant, was
slumped over the wheel.   Mr. McDonald
roused the Appellant and told her that if she did not cooperate, he was going
to call the police.  At some point during
the conversation, Appellant took a swing at Mr. McDonald threatened him saying,
AM***** f*****, I=m
going to kick your ass.@  Mr. McDonald then flagged down a security
guard, Gregorio Carbajal, about 1 a.m. and told the guard that his car had been
hit.  Mr. McDonald then went inside the
store and asked a manager to call the police.

Mr. Carbajal found
the Appellant=s
Suburban stuck to the bumper of Mr. McDonald=s
car.  Although he thought Appellant
looked Afine,@ Mr. Carbajal did smell alcohol on
Appellant=s breath
when she told him that the damage was Aa
little scratch . . . just nothing.@  Mr. Carbajal testified that about thirty-two
minutes passed between the time he was flagged down and the police arrived.








El Paso Police
Officers, Frank Rodriguez and Michelle Gomez, were dispatched to the Wal-Mart
at about 1 a.m. and arrived about five or ten minutes later.  Officer Rodriguez stated Appellant was very
agitated and angry at Mr. McDonald. 
Officer Rodriguez detected alcohol on Appellant=s
breath and noticed her balance was unsteady when walking.  Officer Rodriguez then testified that she
failed the three standard field sobriety tests that he administered, and based
on those results, she was arrested.  At
the police station, the police administered the intoxilyzer test to
Appellant.  Appellant=s two breath samples indicated an
alcohol concentration of .217 and .212. 
The State introduced evidence of two previous judgments against
Appellant for the offense of driving while intoxicated.

In her sole issue
on appeal, Appellant contends the evidence to support her conviction for
driving while intoxicated, third or more, is factually insufficient.  Specifically, she insists there was lack of
evidence she was intoxicated at the time she operated a vehicle.

Standard
of Review

Appellant does not
raise a legal sufficiency issue, so the evidence is presumed to be legally
sufficient.  Clewis v. State, 922
S.W.2d 126, 134 (Tex.Crim.App. 1996). 
When considering the factual sufficiency of the evidence, the court is
to review the evidence in a neutral light and determine if the jury was
rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex.Crim.App. 2004); see also Clewis, 922 S.W.2d at 129.  There are two ways the evidence can be
factually insufficient:  (1) the evidence
when considered by itself is too weak to find guilt beyond a reasonable doubt;
or (2) contrary evidence is strong enough such that the beyond-a-reasonable-doubt
standard could not have been met.  Zuniga,
144 S.W.3d at 484-85.  This standard
acknowledges that evidence supporting guilt can Aoutweigh@ contrary evidence but still be
factually insufficient under a beyond-a-reasonable-doubt standard.  Id. at 485.  Appellate courts must give proper deference
to the jury=s
findings and find the evidence factually insufficient only to prevent a manifest
injustice.  Cain v. State, 958
S.W.2d 404, 407 (Tex.Crim.App. 1997).  A
proper factual sufficiency review must include a discussion of the most
important and relevant evidence that supports the Appellant=s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 603
(Tex.Crim.App. 2003).








Elements
of the Offense

A person commits
the offense of driving while intoxicated if the person is intoxicated while
operating a motor vehicle in a public place. 
Tex.Pen.Code Ann. ' 49.04(a)(Vernon 2003).  An offense under Section 49.04 is a felony of
the third degree if it is shown on the trial of the offense that the person has
previously been convicted two times of any other offense relating to the
operating of a motor vehicle while intoxicated. 
Tex.Pen.Code Ann. ' 49.09(b)(2) (Vernon Supp.
2004-05).  Intoxicated is having an
alcohol concentration of 0.08 or more.  Tex.Pen.Code Ann. ' 49.01(2)(B).

Proof of the
precise time of an accident or of driving is not the sine qua non of
driving while intoxicated.  Zavala v.
State, 89 S.W.3d 134, 139 (Tex.App.--Corpus Christi 2002, no  pet.). 
Instead, there must be a Alink@ between the driving and intoxication
from which the fact finder could conclude that at the time the driving took
place, the driver was intoxicated.  See
id.  Establishing the time of driving
gives the jury an informed basis to determine the relationship, if any, between
the driving and intoxication, if proven. 
See id., quoting Kennedy v. State, 797 S.W.2d 695,
697 (Tex.App.--Houston [1st Dist.] 1990, no pet.).








Appellant contends
the evidence presented by the State was too weak to uphold her conviction for
driving while intoxicated beyond a reasonable doubt.  She concedes that she was driving at the time
of the collision in the parking lot.  She
concedes that the evidence was sufficient to show she was intoxicated at the
time of her arrest.  She points to the
testimony of Mr. Carbajal, who said she appeared fine to him even though he
smelled alcohol on her breath, and to the intervening space of time,
forty-seven to fifty-seven minutes, before the police arrived and administered
the field sobriety tests.  Thus, we
understand her argument to be that though she was intoxicated slightly less
than a hour after the collision, she was not intoxicated at the time of the
collision.  This is essentially a reverse
or retrograde extrapolation defense, that is, that the accused=s blood alcohol content was lower at
the time he or she operated their vehicle than it was at the time a blood
alcohol content test was administered. 
Not surprisingly, she ignores the results of the two breath intoxilyzer
tests taken at the police station after her arrest:  .217 and .212.

We find no merit
in Appellant=s
argument.  There is overwhelming evidence
to support the jury=s
verdict.  The intoxilizer test alone is
evidence that she was intoxicated at the time she operated her vehicle.  She concedes that she was intoxicated at the
time she was arrested.  The evidence is
factually sufficient to support the jury=s
verdict that she was guilty of felony DWI.

We overrule Issue
One and affirm the judgment of the trial court. 

 

 

 

August
4, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)