Opinion filed March 9, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00257-CR 

 

                                                     __________

 

                              LYNN  LEVERT 
SPRAGLIN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR29272

 

 

 

 



 

                                                                   O
P I N I O N

 

The jury convicted Lynn Levert Spraglin of the
offense of murder and assessed his pun-ishment at confinement for life and a
$10,000 fine.  We affirm.  

In his sole issue on appeal, appellant argues that
the trial court erred by refusing to include in the jury charge his requested
instruction on circumstantial evidence. 
Appellant requested the following instruction: 








To
be sufficient in law to justify a conviction, admissible evidence adduced must
show directly or circumstantially or support a rational inference of the facts
to be proved from which the trier of fact could fairly be convinced beyond a
reasonable doubt of the Defendant=s
guilt of the offense charged.  

 

Appellant objected to the lack of a pre-Geesa[1]
charge that distinguishes a circumstantial evidence case from a direct evidence
case.  The trial court denied appellant=s request and overruled his objection.

Appellant argues that the circumstantial evidence
instruction is again appropriate in light of the fact that the Court of
Criminal Appeals has overruled Geesa. 
See Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000).  The court in Paulson overruled Geesa
only to the extent that it required trial courts to include a definition of Abeyond a reasonable doubt@ in the jury charge.  Paulson, 28 S.W.3d at 573.  Paulson did not revive the
circumstantial evidence charge that was abrogated by Hankins v. State,
646 S.W.2d 191 (Tex. Crim. App. 1981).  See
Torres v. State, 141 S.W.3d 645 (Tex. App.CEl
Paso 2004, pet. ref=d).  Nor did Paulson revive the Areasonable hypothesis of guilt
analytical construct@
that, prior to Geesa, was applied in circumstantial evidence cases when
the sufficiency of the evidence was challenged on appeal.  See Garcia v. State, 150 S.W.3d 598,
605 (Tex. App.CSan
Antonio 2004, no pet.); Zavala v. State, 89 S.W.3d 134, 139 (Tex. App.CCorpus Christi 2002, no pet.).  We overrule appellant=s
sole issue.  

The judgment of the trial court is affirmed.  

 

 

RICK STRANGE

JUSTICE

 

March 9, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b). 

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J. 











[1]Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991), overruled in part by Paulson
v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000).