**Opinion filed October 15, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00305-CR

_____

## JOSEPH LEON CARRASCO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR41454**

## M E M O R A N D U M   O P I N I O N

The jury found Joseph Leon Carrasco guilty of the offense of driving while intoxicated while he had a child as a passenger in the vehicle.[1]  The jury assessed punishment at confinement for two years and a fine of $2,500, but it recommended community supervision.  The trial court accepted the recommendation of the jury, suspended the sentence, placed Appellant on community supervision for five years,

---

[1]*See* TEX. PENAL CODE ANN. § 49.045 (West 2011).

and imposed the fine of $2,500. Appellant challenges, in a single issue, the sufficiency of the evidence. We affirm.

## I. *Evidence at Trial*

Blake Bush, an experienced and certified peace officer with the Midland Police Department, initiated a traffic stop of Appellant because defective equipment on Appellant's vehicle prevented Officer Bush from reading the vehicle's license plate number. Appellant did not immediately stop his vehicle, despite several opportunities to do so. Eventually, Appellant stopped his vehicle, and Officer Bush stopped his patrol car as well.

Officer Bush then approached Appellant's vehicle. Appellant's daughter, who was eight years old, was in the vehicle with Appellant. Once at the driver's door of Appellant's vehicle, Officer Bush "detected the odor of alcoholic beverage emanating from the driver." Officer Bush later claimed the odor of alcohol was strong. He "noted that, from [his] position contacting [Appellant], there was an alcoholic-beverage can in the front compartment of the vehicle." Officer Bush also "noticed the bloodshot, glassy eyes." The alcoholic beverage, an eighteen-ounce can of Miller Lite, was in the front passenger seat within arm's reach of Appellant. Officer Bush said that it was "cold to the touch as if it had been recently purchased."

When Officer Bush asked, Appellant denied that he had been drinking and refused to do any field sobriety tests. Officer Bush asked Appellant to exit Appellant's vehicle, and Officer Bush testified that Appellant appeared nervous but did not stumble. On cross-examination, Officer Bush admitted that Appellant did not speed, drive erratically, change lanes improperly, or slur his speech. But Officer Bush concluded, based on the totality of the circumstances, that "[Appellant] was intoxicated while operating a vehicle," and he arrested Appellant. Officer Bush then took Appellant to Midland Memorial Hospital for a blood draw.

Keitha Parrott-Hammerman, a nurse, drew a sample of Appellant's blood at 11:00 p.m., two hours and twenty minutes after the initial stop. She also testified that Appellant smelled of alcohol at the hospital.

Dennis Hambrick, a chemist with the Texas Department of Public Safety, tested Appellant's blood sample. The tests yielded five results that indicated Appellant's blood alcohol concentration. The lowest figure, which he reported to the police, indicated that Appellant's blood contained 0.08 grams of alcohol per 100 milliliters of blood. The other four tests[2] indicated blood alcohol concentration levels of 0.0917, 0.0914, 0.0897, and 0.0893 grams of alcohol per 100 milliliters of blood. Hambrick acknowledged that he did not know whether Appellant was absorbing or eliminating alcohol from his blood when arrested. Therefore, because the blood draw occurred two hours and twenty minutes after Appellant was pulled over, he could not be sure if Appellant's blood alcohol concentration was higher or lower at the time of Appellant's arrest.

## II. *Standard of Review*

We review the sufficiency of the evidence under the standard of review in *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trier of fact is the sole judge of the weight and credibility of the evidence, and a reviewing court may not reevaluate the weight and credibility of

---

[2]We note that Hambrick testified that he obtained four results related to Appellant's blood alcohol concentration. Later, however, his testimony indicated that he obtained five figures.

3

the evidence so as to substitute its own judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The reviewing court must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

### III. *Analysis*

Appellant challenges the sufficiency of the evidence to support his conviction. Appellant asserts that there was insufficient evidence to prove intoxication. To support his argument, Appellant asserts that there "was no evidence that [he] had any driving difficulties." Appellant argues, "[T]he [arresting] officer admitted that he did not view the Appellant driving erratically." A person commits the offense of driving while intoxicated with a child passenger if "the person is intoxicated while operating a motor vehicle in a public place" and if the motor vehicle in question "is occupied by a passenger who is younger than 15 years of age." PENAL § 49.045.

The State may prove intoxication in either of two ways: (1) loss of normal use of mental or physical faculties "by reason of the introduction of alcohol" or (2) alcohol concentration in the blood, breath, or urine of 0.08 or more. *Id.* § 49.01(2); *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010). "The first definition is the 'impairment' theory, while the second is the 'per se' theory." *Kirsch*, 306 S.W.3d at 743. These two definitions are not mutually exclusive. *Id.* The State must prove a "temporal link between the [] defendant's intoxication and his driving." *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). But "proof of the precise time of the accident or of driving is not the *sine qua non* of driving while intoxicated." *Kennemur v. State*, 280 S.W.3d 305, 314 n.8 (Tex. App.—Amarillo 2008, pet. ref'd) (quoting *Zavala v. State*, 89 S.W.3d 134, 139 (Tex. App.—Corpus Christi 2002, no pet.) (internal quotation marks omitted).

4

There must be proof from which the jury can conclude that, at the time of the driving in question, the defendant was intoxicated. *Zavala*, 89 S.W.3d at 139.

The trial court submitted both theories of intoxication to the jury, and the jury returned a general guilty verdict. Appellant's conviction will be upheld as long as sufficient evidence was presented at trial to prove either of the alleged theories. *See Bagheri v. State*, 119 S.W.3d 755, 761 n.5 (Tex. Crim. App. 2003) (noting that, when the trial court submits alternate means by which the State may prove intoxication, the evidence is sufficient to support a general guilty verdict if it is sufficient to prove any of the means alleged). Proof can be from direct or circumstantial evidence, and the latter is as probative as the former; the standard of review for both is the same. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Furthermore, a conviction can be supported solely by circumstantial evidence. *Kuciemba*, 310 S.W.3d at 462 (citing *Guevara*, 152 S.W.3d at 49).

Hambrick testified that he completed five tests and that all were 0.08 grams of alcohol per 100 milliliters of blood or more. But these tests were taken two hours and twenty minutes after Officer Bush stopped Appellant. As stated by the Court of Criminal Appeals, a BAC-test result is not "by itself" sufficient to prove intoxication at the time of driving, but "BAC-test results, even absent expert retrograde extrapolation testimony, are often highly probative to prove both per se and impairment intoxication." *Kirsch*, 306 S.W.3d at 745. Appellant asserts that the two-hour gap between Appellant's driving and the blood alcohol concentration testing and also the failure of Officer Bush to note any erratic driving demonstrated that the evidence was insufficient to convict Appellant of the indicted offense of driving while intoxicated with a child passenger.

Officer Bush testified that Appellant smelled strongly of alcohol and had glassy, bloodshot eyes. He found an eighteen-ounce can of Miller Lite within arm's reach of the driver's seat, which Officer Bush believed had been recently

purchased. Appellant refused to take any field sobriety test. Nurse Parrott-Hammerman smelled alcohol on Appellant at the hospital. Officer Bush testified that, based on his experience and the totality of the circumstances, he believed Appellant was intoxicated. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (holding that the testimony of the officer that the defendant was intoxicated provided sufficient evidence to establish the element of intoxication for the offense of driving while intoxicated); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). It is undisputed that Appellant had his minor daughter in the vehicle with him at the time of the traffic stop. The jury was the sole arbiter of the disputed facts, and the jury believed Officer Bush. After viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact had sufficient evidence to find beyond a reasonable doubt that Appellant was intoxicated while operating a motor vehicle with a child passenger. We overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


October 15, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.