

# NUMBER 13-17-00442-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MALARIE GODOY,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Malarie Godoy appeals her conviction for driving while intoxicated with a child passenger, a state jail felony. *See* TEX. PENAL CODE ANN. § 49.045 (West, Westlaw through 2017 1st C.S.). By one issue, Godoy argues that the evidence is insufficient to show that she operated the vehicle on the night in question. We affirm.

## I.   BACKGROUND

Godoy's case was tried to a jury in 2017.   At the close of the State's evidence, Godoy moved for directed verdict.   The trial court denied the motion.   The jury subsequently found Godoy guilty.   The trial court assessed punishment at one year's confinement, probated for two years.   This appeal followed.

## II.   DISCUSSION

By her sole issue on appeal, Godoy asserts that there was insufficient evidence that she actually operated the subject vehicle.   She contends that there are only two facts which tend to suggest that she operated the vehicle:   (1) that she was found in the driver's seat of a running vehicle and (2) that the vehicle was registered to her.   Godoy asserts that these facts are insufficient to establish operation, and the trial court therefore erred in denying her motion for directed verdict.

A motion for directed verdict is an attack on the sufficiency of the evidence.   *See Stevenson v. State*, 499 S.W.3d 842, 848 n.33 (Tex. Crim. App. 2016).   When reviewing the sufficiency of the evidence, we view the evidence "in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt."   *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). We must presume that the jury resolved any conflicting inferences in favor of the verdict. *Id.*   A person commits the offense of driving while intoxicated with a child passenger if the person:   (1) is intoxicated; (2) while operating a motor vehicle; (3) in a public place; and (4) the motor vehicle is occupied by a passenger who is younger than 15 years of age.   TEX. PENAL CODE ANN. § 49.045(a).

2

Viewed in the appropriate light, the evidence establishes the following sequence of events. On the night of July 2, 2016, Officer Samantha Baldwin received a radio dispatch alerting her to look out for a "possible intoxicated driver" in a red Chrysler 200, who was driving recklessly in the area with three children in the back seat. A few minutes later, Officer Baldwin heard a broadcast concerning a disturbance at a nearby convenience store. According to the broadcast, a 911 caller had reported that he was locked in the bathroom of the convenience store because his girlfriend was driving while intoxicated and refused to allow him to drive.

Officer Baldwin responded to the convenience store around 4:00 a.m. and saw a red Chrysler 200 in the parking lot. Officer Baldwin approached the vehicle and found Godoy in the driver's seat with the engine running. The Chrysler was registered to Godoy, and Godoy's children were in the back seat. All three were under the age of fifteen. Godoy explained that she was waiting for her boyfriend to come out of the store.

Officer Baldwin asked Godoy to step out of the car and frisked her. The officer then led Godoy away from the car to question her. As they walked, Officer Baldwin saw that Godoy was unsteady on her feet and swayed slightly.

From their conversation, Officer Baldwin learned that Godoy was a bartender. Godoy explained that she had taken three shots of liquor before leaving her bar, but she did not believe herself to be intoxicated. Godoy reported that "she had just picked the kids up from" her aunt's house. Officer Baldwin asked Godoy to rate her level of intoxication on a scale of zero (nothing to drink) to nine (highly intoxicated). Godoy rated her intoxication as a four. During the encounter, Godoy broke into tears multiple times.

3

Godoy consented to field sobriety testing. On the walk-and-turn test, Godoy exhibited seven out of eight possible clues of intoxication. On the one-leg stand test, Godoy exhibited three out of four clues. On the horizontal gaze nystagmus test, Godoy exhibited all six of the possible clues of intoxication. Officer Baldwin observed that Godoy had red, watery eyes and a "moderate" odor of alcohol on her breath. Ultimately, Officer Baldwin believed that Godoy had committed the offense of driving while intoxicated and decided to arrest Godoy on that basis. Officer Baldwin retrieved Godoy's wallet from the Chrysler, where it was resting between the driver's seat and the center console. Godoy's then-boyfriend, Jesus Mireles, asked if he could drive Godoy's children home, but Godoy denied him permission to drive the car after expressing her anger that he had called police. Instead, Godoy's aunt was called to retrieve the children as Officer Baldwin drove Godoy to a detention center.

Godoy consented to breath testing at the detention center. Godoy then provided two specimens of her breath. In turn, the breathalyzer returned two results: .143 and .129.

The jury also heard testimony from Mireles, who testified that when Godoy picked him up that night, she looked "fine" to him. Mireles testified that he was the one who drove Godoy's red Chrysler to the convenience store, and he denied that he called the police from the convenience store; instead, he attested that when he came out of the convenience store, the police were simply "already there."

However, the jury could have reasonably rejected Mireles's testimony, especially in light of its logical inconsistencies with the facts as they were reported on the night in question. *See Queeman*, 520 S.W.3d at 622. Indeed, it was undisputed that Mireles

4

never told anyone at the scene that he was the one who was driving, even as Godoy was being arrested for driving while intoxicated.

Rather, viewing the record in the light most favorable the verdict, the jury could have reasonably concluded that Godoy operated the vehicle on the night in question. *See id.* Godoy was found, intoxicated, in the driver's seat of a running vehicle.[1] That vehicle matched the description of a dispatch concerning a reckless, possibly intoxicated driver in the area minutes before her encounter with police.[2] The car was registered to Godoy,[3] and Godoy's wallet was found resting against the driver's seat.[4] Godoy and Mireles also matched the description of a second call in which a man in a convenience store reported that his girlfriend was driving while intoxicated with her children in the car.[5] Godoy cried multiple times during the ensuing investigation.[6] No one at the scene that

---

[1] *See Dornbusch v. State*, 262 S.W.3d 432, 436–37 (Tex. App.—Fort Worth 2008, no pet.) (cataloging cases finding sufficient evidence of operation where the defendant was found intoxicated behind the wheel of a running vehicle).

[2] *See Conelly v. State*, 451 S.W.3d 471, 475 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing consistent identification of the same erratically driven red vehicle as evidence of operation, where appellant was found behind the wheel).

[3] *See Zavala v. State*, 89 S.W.3d 134, 137 (Tex. App.—Corpus Christi 2002, no pet.) (citing registration as evidence of the intoxicated driver's identity); *see also Harvey v. State*, No. 13-11-00038-CR, 2011 WL 3835069, at *5 (Tex. App.—Corpus Christi Aug. 29, 2011, no pet.) (mem. op., not designated for publication) (same).

[4] *See State v. Romo*, No. 04-14-00197-CR, 2015 WL 3774955, at *4 (Tex. App.—San Antonio June 17, 2015, no pet.) (mem. op., not designated for publication) (citing the location of appellant's wallet near driver's seat as evidence of the intoxicated driver's identity within a probable cause inquiry).

[5] *See Hines v. State*, 383 S.W.3d 615, 623 (Tex. App.—San Antonio 2012, pet. ref'd) (considering 911 caller's description matching the defendant as evidence of driver's identity).

[6] *See Zavala*, 89 S.W.3d at 136 & 138 (noting that appellant began crying during DWI investigation and finding evidence sufficient to show operation); *see also Palacios v. State*, No. 03-96-00232-CR, 1996 WL 727365, at *1 (Tex. App.—Austin Dec. 19, 1996, pet. ref'd) (per curiam) (op., not designated for publication) (same).

night suggested that Mireles was driving rather than Godoy.[7]   Instead, dashcam video captured Godoy reporting that she had recently left the bar where she took shots of liquor[8] and that she had just picked up her children from her aunt's house.[9]   These facts would enable a rational juror to find the element of "operating a motor vehicle" beyond a reasonable doubt, which is the only element challenged by Godoy.   *See* Tex. Penal Code Ann. § 49.045(a); *Queeman*, 520 S.W.3d at 622.   Because the evidence was sufficient to support her conviction, the trial court did not err in denying Godoy's motion for directed verdict.   *See Stevenson*, 499 S.W.3d at 848 n.33.

We overrule Godoy's sole issue on appeal.

### III.   Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
23rd day of August, 2018.

---

[7] *See Rushing v. State*, No. 13-16-00526-CR, 2018 WL 2371667, at *4 (Tex. App.—Corpus Christi May 24, 2018, no pet.) (mem. op., not designated for publication) (finding sufficient evidence of operation in part because appellant "made no mention of . . . another driver" at the scene, where appellant later advanced the defensive theory that another driver had operated the vehicle).

[8] *See Jung v. State*, No. 05-95-01299-CR, 1996 WL 682459, at *1 & 3 (Tex. App.—Dallas Nov. 19, 1996, no pet.) (op., not designated for publication) (finding evidence sufficient to show operation while intoxicated in part because appellant admitted she "had just come from dinner where she had consumed 'a couple of beers'").

[9] *See Banda v. State*, 317 S.W.3d 903, 910 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing appellant's admission that "he had recently returned home" as evidence of operation, within a reasonable suspicion analysis).