

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-18-00122-CR

_____

STEVEN LEHNERT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from County Court
Terry County, Texas
Trial Court No. 30384; Honorable J.D. Wagner, Presiding

January 23, 2020

MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

Following a plea of not guilty, Appellant, Steven Lehnert, was convicted by a jury of driving while intoxicated, a Class B misdemeanor.[1]  Punishment was assessed by the trial court at 180 days confinement and a $2,000 fine.  By a sole issue, Appellant

---

[1] TEX. PENAL CODE ANN. § 49.04(b) (West Supp. 2019).

challenges his conviction by arguing that the evidence is insufficient to show he was operating a motor vehicle while intoxicated. We affirm.

**BACKGROUND**

On a cold winter night in January 2016, Elias Garcia was driving with his family on a highway when he observed a pickup just ahead of him driving erratically. He called 911. According to Garcia, the pickup was taking up too much of the highway to allow him to safely pass. Eventually, the driver of the pickup slowed down and pulled onto the shoulder of the highway and Garcia continued on his way.

Garcia testified that within seconds of calling 911, he observed a patrol vehicle approaching from the opposite direction. In his rearview mirror, he saw the patrol vehicle turn around and stop behind the pickup he had just passed. During cross-examination, Garcia acknowledged that he did not see who was driving the pickup.

Department of Public Safety Trooper Campbell testified he was dispatched on a 911 call about a reckless driver in a red pickup. While responding, he noticed vehicle lights ahead and then observed the lights turn off. He traversed the median and stopped behind a pickup that matched the description from the 911 caller. He saw a male urinating behind the pickup. The male subject, later identified as Appellant, then used a key fob to activate the pickup's lights. The trooper heard the pickup's engine start and observed a female, Appellant's fiancée, on the passenger's side of the pickup.

Appellant walked to the rear of the pickup to meet Trooper Campbell and they engaged in a conversation inside the trooper's vehicle to escape the cold. According to

2

Trooper Campbell, Appellant assured him that everything was fine. Trooper Campbell asked Appellant if he had been driving from Lubbock and Appellant answered that he had.

Trooper Campbell smelled alcohol on Appellant's breath and noticed that his speech was slurred. The trooper asked to perform field sobriety tests and Appellant complied. Based on Appellant's performance, Trooper Campbell concluded that Appellant was intoxicated. Appellant refused to give a breath or blood sample which required Trooper Campbell to obtain a search warrant to draw Appellant's blood.[2] Appellant was transported to a hospital to have his blood sample taken and was later transported to jail. He was charged with driving while intoxicated. During the punishment phase of trial, evidence of Appellant's criminal history was introduced. He was sentenced to 180 days confinement and assessed a $2,000 fine.

### STANDARD OF REVIEW—SUFFICIENCY OF THE EVIDENCE

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any

---

[2] A forensic scientist testified at trial that Appellant's blood alcohol concentration was 0.146.

3

rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

We give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.*

We compare the elements of the offense as defined by a hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial and whether properly or improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326.

### APPLICABLE LAW

The State was required to prove that Appellant was operating a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2019). Driving while intoxicated may be supported by circumstantial evidence if there is a temporal link between an accused's intoxication and his driving. *See Kuciemba v. State*,

4

310 S.W.3d 460, 462 (Tex. Crim. App. 2010). *See also Smithhart v. State*, 503 S.W.2d 283, 285 (Tex. Crim. App. 1973).

### ANALYSIS

At trial and on appeal, Appellant does not dispute that he was intoxicated in a public place; instead, by his sole issue, he challenges whether the evidence showed beyond a reasonable doubt that he was "operating" the vehicle while he was intoxicated. The statute does not define "operate" but the Texas Court of Criminal Appeals has held that a person operates a vehicle when the totality of the circumstances demonstrates that the person "took action to affect the functioning of [the] vehicle in a manner that would enable the vehicle's use." *See Kirsch v. State*, 357 S.W.3d 645, 650-51 (Tex. Crim. App. 2012). The State was required to present evidence of a temporal link between Appellant's driving and his intoxication sufficient to determine the critical issue—whether there was evidence from which a reasonable fact finder could have concluded that, at the time of the driving in question, whenever that might have been, Appellant was intoxicated. *See Zavala v. State*, 89 S.W.3d 134, 139 (Tex. App.—Corpus Christi 2002, no pet.). We note that in making that determination juries are permitted to draw reasonable inferences from evidence presented at trial. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

During his testimony, Trooper Campbell opined that Appellant was operating the pickup while he was intoxicated. He based his opinion on the following observations:

- he saw the headlights of the pickup when it pulled onto the shoulder;

- after Appellant urinated behind the pickup, he walked to the driver's side;

- Appellant had the key fob in his hand;

- Appellant answered affirmatively when asked if he was driving; and

- neither Appellant nor his female passenger indicated that she had been driving.

During cross-examination, Trooper Campbell admitted that the pickup was parked when he came upon it and that he never observed Appellant operating it. Despite defense counsel's attempt to establish that no one could place Appellant behind the wheel of the pickup while intoxicated, Trooper Campbell was confident that when he had asked Appellant if he had driven from Lubbock, Appellant answered affirmatively.

Appellant did not testify at trial but his fiancée did pursuant to a subpoena from the State. At the time of Appellant's arrest and at the time of trial, she and Appellant were living together. She claimed that on the night in question, they had been drinking at a friend's house. They argued over the amount of alcohol Appellant had consumed and decided to leave and return home to Brownfield. She claimed she was driving the pickup and that she had stopped on the shoulder of the highway to relieve herself. She explained that Appellant was in possession of the key fob when Trooper Campbell arrived because it was not uncommon for her to leave Appellant on the side of the road when they argued. So, to avoid being stranded, Appellant had taken the key fob when he went behind the pickup to urinate.

Appellant's fiancée further testified that when she saw the trooper's vehicle approaching, she moved to the passenger's side of the pickup because she too had been

drinking and did not "want to get in trouble."[3]  When asked if she disclosed to the trooper that she was the driver, she responded that no one had asked so she did not offer that fact.

The fiancée acknowledged that her statements to Trooper Campbell on the night in question were contrary to her testimony at trial.  At the time of the incident, she told Trooper Campbell she had asked Appellant to stop so she could relieve herself and had also asked him to reduce his speed.[4]

The conflicting testimony of Trooper Campbell and Appellant's fiancée was within the province of the jury to resolve in favor of the prosecution.  Appellant himself answered affirmatively when Trooper Campbell asked him if he was driving from Lubbock.  Also, based on Garcia's testimony and Trooper Campbell's testimony, the State established a temporal link between Appellant's intoxication and the operation of his pickup.  Trooper Campbell's immediate response to the 911 call and his observation of the pickup's headlights as it left the highway established that Appellant was "operating" his pickup. *See generally Ubesie v. State*, 379 S.W.3d 317, 377-78 (Tex. App.—Amarillo 2012, no pet.).  Appellant's high blood alcohol concentration confirmed that he was intoxicated at the time.  Given the totality of the circumstances, the State satisfied its burden.  We find

---

[3] On the night in question, she told Trooper Campbell that she had asked Appellant to stop so she could relieve herself because she had consumed too much tea.

[4] A video excerpt was played in which the fiancée is overheard saying, "I knew he was driving kind of fast."

the evidence is sufficient to support Appellant's conviction.  Appellant's sole issue is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.